## MONTGOMERY v. TUTT, WILSON *et als.*

A writ of assistance is the appropriate remedy to place the purchaser of mortgaged premises, under a decree of foreclosure, in possession, after he has obtained the Sheriff's deed.

Under our system, the order to deliver possession should be first made, unless a direction to that effect is contained in the decree, and if upon its service that is disregarded, the Court can at once direct the writ to issue. If delivery of possession to the purchaser is directed by the decree, no preliminary order will be requisite, but upon proof of disobedience to the decree, the party will be entitled, as a matter of course, to the writ as against the defendant in the suit.

When a mortgage is given as security for the purchase money of the mortgaged premises, no homestead can be carved out of the property so as to impair the rights of the mortgagee.

APPEAL from the District Court of the Fifteenth Judicial District, County of Colusi.

The facts appear in the opinion of the Court.

*Edwards and Sanders* for Appellant.

I.   The Court below erred in ordering the issuance of a writ of assistance against the appellant alone.   The action and the decree were against him and several others jointly.   The writ should conform to the decree.

II.   The decree does not authorize the issuance of the writ.   It does not require the delivery of the possession to the purchaser under the mortgage sale, and there was no technical foreclosure.   Daniell's Chan. Prac. 1280; Smith's Chan. Prac. 447.

*Belcher, Beatty & Clark* for Respondent.

1.   A Court of Chancery has power to carry its own decrees into execution.

2.   When the mortgagor in possession, after foreclosure and sale, and expiration of time for redemption, refuses to deliver possession to the purchaser under Sheriff's deed, the writ of assistance is the proper remedy.   Story Eng. Juries, sec. 959; Daniel's Ch. Prac. 1267 and 1281; Edw. on Injunc. chap., 17, p. 425; Smith's Chan. Prac. 445; Kushan *v.* Thompson, 4 Johns. Ch. 609; Ludlow *v.* Lansing, 1 Hopk. R. 231; Valentine *v.* Teller, 1 Hopk. 422; Buffum's Case, 13 N. H. 14; Oliver *v.* Caton, 2 Md. Ch. Dic. 297; Garretson *v.* Cole, 1 Har. & John 370; Davis *v.* Flinhaker, 5 Cal. 244.

FIELD, J., delivered the opinion of the Court—BALDWIN, J., concurring.

The principal question presented by the appeal in this case is, whether the writ of assistance is the appropriate remedy to place the purchaser of mortgaged premises, under a decree of foreclosure, in possession, after he has obtained the Master's or Sheriff's deed.   Of this there can be no doubt, as against the defendants in the suit, who are bound by the decree, and who refuse to surrender possession upon the order of the Court to that effect.   The order, like the one made in this case, takes the place in our system of procedure of the judicial writ of injunction, used in the old Chancery practice, in the en-

forcement of decrees respecting lands. (Eden on Injunc., Waterm's Ed. 12.) "Injunctions of this sort," says Story, "are older than the time of Bacon, since in his ordinances, they are treated as a well known process. Indeed, they have been distinctly traced back to the reign of Elizabeth and Edward the Sixth, and even of Henry the Eighth." (Story's Equity, sec. 959.) The power of the Court to issue the judicial writ, or to make the order, and enforce the same by a writ of assistance, rests upon the obvious principle that the power of the Court to afford a remedy must be co-extensive with its jurisdiction over the subject matter. Where the Court possesses jurisdiction to make a decree, it possesses the power to enforce its execution. It is true that in the present case the decree does not contain a direction that the possession of the premises be delivered to the purchaser. It is usual to insert a clause to that effect, but it is not essential. It is necessarily implied in the direction for the sale and execution of a deed. The title held by the mortgagor, passes under the decree to the purchaser, upon the consummation of the sale by the Master's or Sheriff's deed. As against all the parties to the suit, the title is gone; and as the right to the possession, as against them, follows the title, it would be an useless and vexatious course to require the purchaser to obtain such possession by another suit. Such is not the course of procedure adopted by a Court of Equity. When that Court adjudges a title to either real or personal property, to be in one as against another, it enforces its judgment by giving the enjoyment of the right to the party in whose favor it has been decided. And when it decrees a sale, it transfers possession to the purchaser, as against the party whose interest has been sold. The question in this case has been fully considered by Chancellor Kent, in Kershaw *v.* Thompson (4 Johns. Ch. 609) in which all the leading authorities are cited and examined. "When the Court," says the Chancellor, "has obtained lawful jurisdiction of a case, and has investigated and decided upon its merits, it is not sufficient for the ends of justice, merely to declare the right, without affording the remedy. If it was to be understood, that after a decree and sale of mortgaged premises, the mortgagor or other party to the suit, or perhaps, those who have been let into the possession by the mortgagor, *pendente lite*, could withhold the possession in defi-

Montgomery *v.* Tutt.

ance of the authority of this Court, and compel the purchaser to resort to a Court of Law, I apprehend that the delay, and expense, and inconvenience of such a course of proceeding, would greatly impair the value and diminish the results of sales under a decree." (See also Ludlow *v.* Lansing, 1 Hop. Ch. 231.)

According to the old chancery practice, there was, first: the order for the delivery of possession; then an attachment for not complying with the order, which was seldom served and could be dispensed with; afterwards the injunction issued, which, if not obeyed, was followed by the writ of assistance. In our system, the order to deliver possession should be first made, unless a direction to that effect is contained in the decree, and if upon its service that is disregarded, the Court can at once direct the writ to issue. If delivery of possession to the purchaser is directed by the decree, no preliminary order will be requisite; but upon proof of disobedience to the decree, the party will be entitled, as a matter of course, to the writ as against the defendants in the suit. (Valentine *v.* Teller, 1 Hop. Ch. 422.)

The several objections taken by the appellant to the order, aside from the one made to the character of the remedy, are without merit and entitled to no consideration. There was no stay of proceedings on appeal from the decree; the presence of the appellant by his counsel and the argument of the motion by him, obviated the want of any notice of the motion; the allegation that the appellant lives with his parents, who claim the premises as a homestead, cannot avail him; the mortgage upon which the suit was brought being given as security for the purchase money of the premises, no homestead could be carved out of the property so as to impair the rights of the previous mortgagee; and the allegation of irregularity in the sale under the decree, rests without proof.

Order affirmed.