[L. A. No. 664.   Department Two.—September 5, 1900.]

## CALIFORNIA MORTGAGE AND SAVINGS BANK, Respondent, v. ERNEST GRAVES et al., Appellants.

PRACTICE—WRIT OF ASSISTANCE—NOTICE OF HEARING—ORDER SHORTENING TIME.—Under section 1005 of the Code of Civil Procedure, the lower court has power to shorten the time of notice for hearing an application for a writ of assistance to three days; and where there is nothing in the record on appeal to contradict a recital in the order shortening the time that it was made for good cause, it will be presumed that the necessity for the order was made to appear, and that the power was rightly exercised.

ID.—MORTGAGE—FORECLOSURE SALE—STAY OF EXECUTION—JUDGMENT-ROLL AS EVIDENCE.—Notwithstanding the pendency of an appeal from a judgment foreclosing a mortgage of real property, the judgment-roll is admissible in evidence on an application for a writ of assistance to recover possession of the land sold at the foreclosure sale. if no undertaking staying the execution of the judgment has been given as provided in section 945 of the Code of Civil Procedure.

ID.—EVIDENCE IN SUPPORT OF WRIT—AFFIDAVIT.—On an application for the writ of assistance as against the parties to the action, the facts of the presentation of the sheriff's deed to them, the demand of possession of the land, and their refusal to surrender it, may be shown by affidavit.

ID.—APPEAL FROM ORDER FOR WRIT—PRESENTATION OF DEED—DEMAND. On an appeal from an order granting a writ of assistance against two defendants, as to only one of whom the record affirmatively

showed that the sheriff's deed was prosecuted and a demand of possession made, it will be presumed, in the absence of evidence to the contrary, that the evidence before the court on the hearing showed that the other defendant had no such interest as necessitated the presentation of the deed or the making the demand.

APPEAL from an order of the Superior Court of San Luis Obispo County granting a writ of assistance. E. P. Unangst, Judge.

The facts are stated in the opinion.

Graves & Graves, for Appellants.

Venable & Goodchild, for Respondent.

CHIPMAN, C.—Appeal by defendants from an order granting a writ of assistance.

1. It is claimed that the court erred in shortening the time for hearing the application for the writ from five to three days.

The power to shorten the time is given by section 1005 of the Code of Civil Procedure. The order of the court reads: "Good cause appearing to me therefor, it is ordered," etc. There is nothing in the record to dispute this recital, and we must presume that the necessity for the order was made to appear, and that the power was rightly exercised.

2. Appellant claims that the judgment-roll in this case was improperly admitted in evidence because the case is on appeal to this court and is deemed to be pending. (Citing Code Civ. Proc., sec. 1049; *In re Blythe*, 99 Cal. 472; *Naftzger v. Gregg*, 99 Cal. 83[1]; *Murray v. Green*, 64 Cal. 363.) But section 945 of the same code provides that if the judgment appealed from "direct the sale . . . . of real property, the execution thereof cannot be stayed, unless a written undertaking be executed on the part of the appellant . . . . that he will not commit any waste thereon, and that if the judgment be affirmed, or the appeal dismissed, he will pay the value of the use . . . . of the property," etc.; and "where the judgment is for the sale of mortgaged premises, and the payment of a deficiency arising upon the sale, the undertaking must provide for the payment of

---

[1] 37 Am. St. Rep. 23.

such deficiency." No stay bond was given in the present case, but simply the ordinary appeal bond as provided by section 441 of the Code of Civil Procedure. The cases cited by appellant do not reach the point made by him. The evidence was admissible, and the writ could issue notwithstanding the appeal. (*Montgomery v. Tutt*, 11 Cal. 190.)

3. Appellant contends that in "order to obtain the writ it was necessary for plaintiff to have furnished the court proper evidence of a presentation of a sheriff's deed, a demand for the possession of the realty, and a refusal on the part of the defendant to surrender possession," and that the only evidence of these facts introduced by plaintiff was the affidavit of one of plaintiff's attorneys, which, it is claimed, "cannot be proper evidence of anything." The affidavit showed that plaintiff had obtained a deed from the sheriff, and that affiant, for plaintiff, "presented said deed to defendant Ernest Graves, and demanded possession of said land; and that said defendant refused the same to the bank." The affidavit was uncontradicted and was proper evidence of the fact. (Code Civ. Proc., secs. 2002, 2009.) Section 2009 provides that "an affidavit may be used . . . . upon a motion." It was said in *Montgomery v. Middlemiss*, 21 Cal. 103[2]: "All that is requisite to obtain the writ, as against the parties and those claiming with notice under them after the commencement of the action, is to furnish to the court proper evidence of a presentation of the deed to them, and a demand of possession, and their refusal to surrender it." Such evidence, we think, could properly be furnished to the court by affidavit.

4. There is no evidence by affidavit or otherwise that the deed was presented to defendant Lucinda Graves, or any demand for possession made upon her.

It was admitted that both defendants were served with notice of the motion, and both defendants in fact appeared by counsel at the hearing, and both appeal to this court; the judgment-roll and the proceedings leading to sale and sheriff's deed were admitted over defendants' objection to their relevancy, materiality, and competency, the ground of objection being that the cause is pending on appeal to the supreme court. The

---

[2] 81 Am. Dec. 146.

papers on which the hearing was ordered were objected to because no sufficient notice of plaintiff's application for a writ had been given and because the judge had not power to shorten the time for the hearing. No objection to the issuing of the writ was made on the ground that the deed had not been presented to Lucinda, nor on the ground that no demand for possession had been made upon her. She is spoken of in the briefs as the wife of Ernest, and she doubtless bore that relation to him. It does not appear what her interest in the property was. The judgment-roll is not printed in the record, nor are the proceedings subsequent to the decree, nor is the deed. Appellant now claims that it was error to grant the writ upon this evidence. It seems to me that it is sufficient in answer to appellants' contention to say that, in the absence of evidence to the contrary, we must presume that the evidence before the court showed that Lucinda had no such interest as required the deed to be presented to her and demand made upon her for possession after these steps had been taken as to her husband. Respondent suggests, with some reason, that the rule of practice which requires a demand before applying for the writ is a rule for the benefit of the court and not for the defendants; that the reason for making the demand is that the applicant for the writ can show to the court that he has no other remedy, without which the court of chancery would not aid him (*Montgomery v. Tutt, supra*); it is hence argued that having made the demand upon the husband, there was no necessity for showing like demand upon his wife. The difficulty in thus holding is that the wife and not the husband may have owned the mortgaged premises as her separate property, in which case demand upon her husband would not excuse demand upon her. The objection, however, in the present case, is obviated by the presumption already stated.

The order should be affirmed.

Cooper, C., and Gray, C., concurred.

For the reasons given in the foregoing opinion the order is affirmed.     Henshaw, J., McFarland, J., Temple, J.