[Civ. No. 6158. Second Appellate District, Division Two.—November 19, 1928.]

WALTER GOULD LINCOLN, Petitioner, v. SUPERIOR COURT OF LOS ANGELES COUNTY et al., Respondents.

Walter Gould Lincoln, *in pro. per.*, for Petitioner.

Andrew J. Copp, Jr., and R. H. Purdue for Respondents.

THOMPSON (IRA F.), J.—On December 8, 1924, a judgment was rendered in the respondent court adjudging that the petitioner herein "be suspended and precluded from practicing as an attorney at law or as an attorney or agent of another, in and before all courts . . . in the State of California, . . . and from practicing as an attorney or counsellor at law in any manner . . . for the period of one year from and after December 24, 1924." An appeal was taken from this judgment and still remains undetermined. On July 13, 1927, another accusation was filed by the Los Angeles Bar Association against the petitioner consisting of three causes of action, the first and second counts of which charged that the accused engaged in the practice of law during the period of suspension, and the third count charged the embezzlement of funds belonging to a client of petitioner. This cause went to trial before the respondent judge on June 27, 1928, and after evidence was offered in support of and

in opposition to the accusation and only after the cause was reopened for the express purpose the Bar Association offered in evidence the judgment rendered on December 8, 1924. An objection was interposed by the accused and sustained by the court, whereupon the court, after the suggestion had been made that the case be continued, stated: "I may say, as I have said before, that I cannot find anything in the evidence offered by the Bar Association to support the third accusation, which involves in my opinion, acts of moral turpitude. I do think the allegations of the first and second counts of the accusation have been sustained. The amount and the extent of the judgment of the court should be left, I think, until the decision of the appellate court; because if the appellate court finds that the decision should be reversed, then manifestly any decision rendered now would be unjust to the accused. On the other hand, if the decision be affirmed, I see no reason at all why the defendant should not be all the more punished, having in mind the recent decision of the court.

"The matter may be continued as counsel may suggest, with the opportunity to the accused, if the judgment of the appellate court be adverse, to present such character witnesses he may desire for the purpose of diminution of the judgment of the court." And in response to a query of the petitioner whether he understood correctly that judgment was to be in his favor on the third count the court further stated: "And in favor of the Bar Association on the first two. But I am not prepared at this time to sign any such judgment, and I do not think the record should show that a judgment is ordered, because manifestly that would be unsupported by the proof. The view I take of the offer of counsel for the Bar Association, of this judgment roll, is such, that the judgment would be without any support in the evidence, and manifestly would be reversible." The continuance was then ordered.

We have quoted at some length from the record in order to make clear that there is no room for the difference of opinion between counsel concerning the action of the court. It is made manifest from the statements just taken therefrom that the respondent judge, being impressed with the conviction that the judgment-roll was inadmissible, ordered the entire cause continued until after the determination of

the appeal, indicating to counsel that when the judgment had become final and admissible in evidence, the judgment would then be in favor of the accused on the third count and adverse to him on the first and second counts.

The petitioner seeks the writ of mandate from this court compelling the respondent court to enter judgment without waiting for a determination of the appeal. His argument in this behalf is that no cause of action existed at the time the charges were filed and, further, that the case was completely tried and the prosecution rested without having proved a cause of action. The respondent, on the other hand, asserts that the court was well within its rights in continuing the cause until the judgment-roll should become admissible. This argument is grounded upon authorities which hold that judgments suspending or disbarring an attorney are self-executing and hence the cause of action had accrued at the time the charges were filed, although the evidence was inadmissible.

We are first then to inquire concerning the character of the judgment and the effect of the appeal therefrom, upon it. The first authority in California involving a judgment of suspension is that of *Tyler* v. *Presley*, 72 Cal. 290 [13 Pac. 856], in which case the petitioner sought from our Supreme Court the writ of mandate compelling the Superior Court to allow him to practice in the last-named court for the reason that the chief justice had allowed a writ of error to the Supreme Court of the United States and citation had been issued and served and bond filed and hence the order of suspension was superseded. The court said: "When the judgment is rendered, and no process is required for its enforcement, no *supersedeas is allowed*. In fact, there is no necessity for such a writ. There is nothing to stay or supersede. . . .

"The order disbarring Tyler needs no process to execute it, and it stands unaffected by the writ of error."

And again the court says: "The judgment or order stands as it was rendered, and the effect is to suspend the applicant for the writ in this case from the practice of his profession." Another judgment of suspension was considered in the case of *In re Graves*, 62 Cal. App. 168 [216 Pac. 386], upon an application for the writ of *supersedeas* in which it was reannounced that the judgment was self-executing—

operating "directly against the petitioner without the necessity for process or proceedings of any kind for its enforcement." To the same effect see *Walls* v. *Palmer*, 64 Ind. 493, and for judgments of similar nature (*Dulin* v. *Pacific W. & C. Co.*, 98 Cal. 304 [33 Pac. 123] ; *Rogers* v. *Superior Court*, 126 Cal. 183 [58 Pac. 452] ; *Clute* v. *Superior Court*, 155 Cal. 15 [132 Am. St. Rep. 54, 99 Pac. 362]). It is obvious from these authorities that the appeal did not have the effect of suspending or superseding the judgment of suspension, but that regardless of the outcome of the appeal itself the petitioner here was by the self-executing character of that judgment suspended for one year from and after December 24, 1924. His status for that period of time was as effectually determined as though there had been no appeal.

We are therefore next to consider whether the judgment was admissible in evidence for any purpose. The general rule is not in doubt. It is that "A judgment, in order to be admissible in evidence *for the purpose of proving facts therein recited* must be a final judgment in the cause, and if the action in which the judgment is rendered is still pending, necessarily the judgment is not final." (Italics ours.) (*In re Blythe*, 99 Cal. 472 [34 Pac. 108] ; *Feeney* v. *Hinckley*, 134 Cal. 467 [86 Am. St. Rep. 290, 66 Pac. 580], and authorities there collected.) It should be noted, however, that the reason for the rule is found in section 1049 of the Code of Civil Procedure which says that "an action is deemed to be pending from the time of its commencement until its final determination upon appeal, or until the time for appeal has passed, unless the judgment is sooner satisfied." It is to be observed as it was in the concurring opinion of Justices Harrison and Patterson in the case of *Naftzger* v. *Gregg*, 99 Cal. 83 [37 Am. St. Rep. 23, 33 Pac. 757], that this section does not purport to prescribe a rule of evidence but determines the condition of the action after judgment has been rendered. It is also said in this opinion, "there are many cases in which a judgment is admissible in evidence at any time after its entry." We also direct attention at this time to the closing words of the section "unless the judgment is sooner satisfied." It is apparent from what we have already said concerning the self-executing character of the judgment involved, that the

suspension terminated at the end of one year from December 24, 1924, and, of course, was thereby satisfied. It becomes of more or less importance to note this instance in our effort to determine whether there are exceptions to the general rule already announced. Without stopping to ana·lyze in detail the case of *Cook* v. *Rice*, 91 Cal. 664 [27 Pac. 1081], where a judgment declaring that the plaintiff was not entitled to possession of certain lands was received in evidence before it became final, we quote from the opinion upholding its allowance as follows: "It was not necessary that it should be final, in the sense that it was not liable to be reversed on appeal. It was enough that the judgment was in force, not suspended by an appeal or otherwise, and that while in force, it finally disposed of the controversy."

In *California Bank* v. *Graves*, 129 Cal. 649 [62 Pac. 259], there was an application for a writ of assistance, following a judgment of foreclosure and sale thereunder, although there was an appeal from the judgment. The Supreme Court held that the judgment-roll was properly admitted for the reason that upon appellant's failure to file a *supersedeas* bond the execution of the judgment was not stayed and gave as its authority *Montgomery* v. *Tutt*, 11 Cal. 190. While holding that an action, the foundation of which was an order settling the account of a guardian, was premature because the order had not become final when the action was commenced, in the case of *Cook* v. *Ceas*, 143 Cal. 221 [77 Pac. 65], the court took occasion (in commenting upon authorities to the general rule) to use this language: "The effect of these numerous decisions is not in the least impaired by the fact that in some cases, and for some purposes, an appealable judgment may be offered in evidence. It may, of course, be offered in evidence whenever the mere fact that it has been entered is material; as, for instance, in support of a plea in abatement, or to show the regularity of an execution." From the discussion so far, it appears that exceptions to the general rule have always been recognized in California and we now consider two cases which bear more closely upon the one at bar. In both of the authorities, *Jenner* v. *Murphy*, 6 Cal. App. 434 [92 Pac. 405], and *Sewell* v. *Price*, 164 Cal. 265 [128 Pac. 407], the status of the plaintiff as a judgment creditor was of supreme importance, because each case was one to set aside a conveyance alleged

to be fraudulent, and in both instances the status could only be shown by judgments which had not become final. In the first case (*Jenner* v. *Murphy, supra*) an appeal was pending and yet the court held, "It is true, that pending an appeal, the judgment was not final, but it was nevertheless a judgment. It was entered as the code provides it should be. It entitled the plaintiff to a writ of execution. It was admissible in evidence for the purposes of this case." The other case (*Sewell* v. *Price, supra*) follows the rule. It may be asked why, if the judgments were there admissible for the purpose of establishing the status of plaintiffs as creditors, it is not admissible here to determine the status of petitioner as suspended from the privilege of practicing. As we have already observed, the judgment operated directly upon petitioner and he was in fact and in law suspended regardless of the subsequent determination of his appeal. Nor can it be argued that this works an injustice upon petitioner for the reason that he is not only presumed to know the law as announced in *Tyler* v. *Presley* and *In re Graves, supra,* but also it was his duty to obey the mandate of the judgment of the Superior Court until it was set aside or reversed on appeal. It is evident therefore that the respondent court was in error in holding that the judgment-roll was not to be received for the limited purpose indicated. Mere errors are not, however, sufficient to warrant the issuance of the writ of mandate. (16 Cal. Jur., p. 822.)

█ Proceeding upon the assumption that the judgment was inadmissible the respondent court continued the cause until there should be a determination of the appeal. Except for the fundamental error noted there was nothing improper in this procedure. It is said in *Smith* v. *Smith,* 134 Cal. 117 [66 Pac. 81] in discussing a somewhat similar situation, "A much better mode to secure the benefit of the evidence, and to avoid a conclusion which may prove unjust, is to move for a continuance, as suggested in *Rose* v. *Superior Court,* 65 Cal. 570 [4 Pac. 577], and *Brown* v. *Campbell,* 100 Cal. 635 [38 Am. St. Rep. 314, 35 Pac. 433]." In the instant case the court adopted the procedure suggested in these opinions and by the force of their voice the petitioner is concluded.

Writ denied.

Works, P. J., and Craig, J., concurred.