SABATINO SCARCIA, Plaintiff, *v.* UNITED STATES GYPSUM COMPANY, Defendant.

JOSEPH RIGGIO, Plaintiff, *v.* UNITED STATES GYPSUM COMPANY, Defendant.

SAM SCOPANO, Plaintiff, *v.* UNITED STATES GYPSUM COMPANY, Defendant.

Supreme Court, Genesee County, November 8, 1937.

*Everest A. Judd,* for the defendant in each action, for the motion.

*Sabatino Scarcia,* in person, in favor of the motion in his action.

*Joseph Riggio,* in person, in favor of the motion in his action.

*William L. Clay* (attorney for the plaintiff in each of said actions), opposed to each motion.

NORTON, J. Each of the above-entitled actions was brought to recover damages alleged to have been suffered by the plaintiff through defendant's exposing plaintiff, its employee, negligently and in violation of law, to the inhalation of harmful dusts. The actions have been pending over three years.

As the alleged basic facts in each action, as to exposure and damages, are similar, and the facts and grounds upon which each motion is made are similar, the three motions are considered in this memorandum, which is common to the three motions. Plaintiffs have each been out of work since sometime prior to the bringing of his action. Each plaintiff had, together with his family, suffered privation, caused by lack of income; each had applied for work with or under the Works Progress Administration, with indifferent success, procuring no steady remunerative employment from that source; each applied to the local Welfare Relief authorities for assistance and support, and received less than he found sufficient to support his family and himself properly; each, as early as April, 1937, applied to the defendant for work similar to and of the kind for which he was fitted by his previous experience with and work for defendant; and each was informed by defendant, in substance, that dust diseases of employees arising out of or caused by industrial operations were then included in the occupational diseases for which compensation shall be payable to employees by employers, under the provisions of the Workmen's Compensation Law, as amended, and that defendant would not re-employ such plaintiff while his said action was pending, nor without plaintiff's submitting to a physical and X-ray examination which showed plaintiff to be free from any dust disease, and in good health; that each plaintiff, May 1, 1937, submitted to such physical and X-ray examination and was found to be free from any dust disease, and in good health; each plaintiff, April 20, 1937, made an affidavit in which he swore that he " is enjoying good health and at the present time has no trouble with his lungs or any other ailments." In each instance such affidavit was drawn by an attorney employed by the plaintiff, who was not connected with defendant. True copies of such affidavits were sent to defendant and to said William L. Clay, the attorney for the plaintiff in each of such actions, together with a notice in each case that such plaintiff had decided

to discontinue such action, and to discontinue his, said Clay's, services as an attorney, and that he dismissed him, Clay, as his attorney.

Thereafter such plaintiffs were employed by defendant and are now so employed.

On the return day of these motions two of the plaintiffs, Scarcia and Riggio, appeared in person, and the defendant appeared by its attorney, Everest A. Judd, who also stated that he appeared for the three plaintiffs as well, and they all asked that the motions be granted; and William L. Clay appeared personally and opposed such motions on the grounds that he had a contingent fee contract with each plaintiff wherein each plaintiff agreed not only that Clay was to be solely remunerated for his services by a percentage of the recovery, but that he, the plaintiff, would not settle the action without Clay's consent, and that notwithstanding each plaintiff's affidavit in which he swears that he, such plaintiff, was on April 20, 1937, in good health and had " no trouble with his lungs or other ailments," and the physical and X-ray examinations of such plaintiffs made May 1, 1937, and the sworn opinion of the physicians who made the same, that such plaintiffs were then free from any dust disease, Clay contends that the physical examinations and X-rays had and taken at his instigation for use in such actions, that of Riggio, March 24, 1933, of Scopano, June 6, 1933, and of Scarcia, January 17, 1934, disclose that such plaintiffs did each, at the time he was so examined and X-rayed, suffer from some lung disease caused by the inhalation of dust, and that, therefore, each plaintiff has a cause of action against defendant upon which there may be a recovery, and in the event of a recovery his fee will be fixed thereby. He does not charge bad faith to his clients, the plaintiffs, nor collusion between plaintiffs and defendant, and he recognizes the stress of the circumstances to which the plaintiffs are subjected, as evidenced by the statement in his affidavit that he " respectfully submits his rights to the Court and if the Court feels that under the circumstances he should sign a stipulation of discontinuance in each of these causes he, of course, will be pleased to do so."

In the light of the affidavits of the plaintiffs, each to the effect that he was never treated for silicosis or for any other lung or chest trouble, and is enjoying good health and at present has no trouble with his lungs or other ailments, strengthened as such statements are by the results of the physical examinations and X-rays had and taken May 1, 1937, I am satisfied that the plaintiffs have, and each of them has, no meritorious cause of action against defendant, and to continue such actions would be vexatious

to the defendant and financially injurious to the plaintiffs, and that such litigations are now clearly without merit.

It has been held that a complaint may be dismissed on motion where the litigation is vexatious and clearly without merit (*Stewart* v. *Butler*, 27 Misc. 708), and that a client acting in good faith, that is, if he is not engaged with his adversary in a scheme to beat his own attorney out of his fee or compensation, may settle or withdraw his action without let or hindrance.

As Judge POUND stated in writing for the court in *Matter of Levy* (249 N. Y. 168, on p. 170): " Unquestionably he [the plaintiff client] may make an honest settlement of his cause of action before judgment without regard to the wishes of his attorney. (*Lee* v. *Vacuum Oil Co.*, 126 N. Y. 579; *Peri* v. *N. Y. C. R. R. Co.*, 152 N. Y. 521; *Fischer-Hansen* v. *Brooklyn Heights R. R. Co.*, 173 N. Y. 492.) " (See, also, *Martin* v. *Camp*, 219 N. Y. 170.)

And the court in *Corcoran* v. *Kellogg Structural Co.* (179 App. Div. 396) amplifies and reiterates such statement of the law as follows: " It is now definitely settled in this State that notwithstanding such a contract [contingent fee] between attorney and client, the client retains complete control of the litigation, and that he may at any time for any reason which seems satisfactory to him, however arbitrary, discharge his attorney and settle with his adversary as he thinks best, and in such a case the attorney may recover only the reasonable value of the services which he has rendered. (*Martin* v. *Camp*, 219 N. Y. 170; *Matter of City of New York*, Id. 192.) "

I am satisfied that these motions are not the result of collusion between the plaintiffs and defendant, and that the plaintiffs, in making such affidavits and joining in these motions, are acting in good faith.

It is probably true that plaintiffs are victims of circumstances beyond their control, so far as procuring what they regard as adequate relief for themselves and their families from the public welfare authorities is concerned; but that does not entitle them, nor their attorney in their names for his own interests, to prosecute nor continue their litigations against the defendant without meritorious causes of action upon which to base such litigations.

The motions should be, and they are, granted, and the complaints in the three actions are dismissed upon the merits, without costs to any party.