[Civ. No. 11069. First Appellate District, Division Two.—August 30, 1939.]

DEAN CUNHA, as Executor, etc., Appellant, v. THE ANGLO CALIFORNIA NATIONAL BANK OF SAN FRANCISCO, as Trustee, et al., Respondents.

Dean Cunha, *in pro. per.*, Edward A. Cunha and Daniel R. Shoemaker for Appellant.

Philip S. Ehrlich and Orrick, Dahlquist, Neff & Herrington for Respondents.

STURTEVANT, J.—The plaintiff's decedent, on May 14, 1937, commenced an action against the defendants praying a judgment for money. The defendants appeared and filed demurrers which were both general and special. The demurrers were sustained. The plaintiff filed a first amended complaint which made no substantial change in the averments of the original complaint. The defendants interposed other demurrers that were both general and special and they were sustained. The plaintiff filed a second amended complaint which contains no substantial changes and again the defendants demurred. Those demurrers were also both general and special demurrers. At about the same time the defendants also filed a notice of motion to dismiss the action. The trial court entered orders sustaining the demurrers without leave to amend and granting the motion to dismiss. From the judgment entered on those orders the plaintiff has appealed. We will first take up the order sustaining the demurrers.

The second amended complaint may be summarized as follows: Harry I. Stafford died on March 10, 1938, his will was admitted to probate and Dean Cunha was appointed executor and the latter has been substituted as plaintiff in this action. The Anglo California National Bank is a corporation. Prior to October 5, 1935, Arthur Zellerbach, under written trust agreements, placed in trust 2,331 shares of the Class A preferred stock of the Crown Zellerbach Corporation, a corporation, and 11,665 shares of its common stock, reserving to himself the income from said trust estate and designating as the remaindermen of the *corpus* of said estate his nephews, the defendants, J. D. Zellerbach and Harold L. Zellerbach. On October 5, 1935, a written agreement was made and entered into between said Arthur Zellerbach, as first party, Philip S. Ehrlich, as second party, the said defendant Harold L. Zellerbach, as third party, the said defendant J. D. Zellerbach, as fourth party, the defendant I. Zellerbach, as fifth party, Dorothy Johnson Zellerbach, as sixth party, and Dorothy Ryan Zellerbach, as seventh party confirming in part and modifying in part the aforesaid trust; and by said agreement the parties contracted and agreed there was then accrued but unpaid, dividends in the sum of $17.50 per share on the said 2,331 shares of the Class A preferred stock of the said Crown Zellerbach Corporation, and that said accrued dividends belonged to and were owned by said Arthur Zellerbach, and that all of said arrearage of, or accrued dividends when paid, no matter when or how such payment should be evidenced or made, would be paid to said Arthur Zellerbach. Under the agreement of October 5, Philip S. Ehrlich was designated as the trustee and later resigned and the Anglo California National Bank of San Francisco was substituted in his stead. On February 10, 1937, Arthur Zellerbach assigned all of his interest in said accrued dividends to Harry I. Stafford. Arthur Zellerbach died on March 3, 1937. On February 13, 1937, Harry I. Stafford delivered to the Anglo California Bank of San Francisco and to Harold L. Zellerbach and J. D. Zellerbach, written notices of the assignment held by him. After proceedings duly and regularly had, commencing with February 9, 1937, and finally completed prior to the commencement of this action, the said Crown Zellerbach Corporation merged with Crown Willamette Paper Company and by virtue of

the merger agreement between said corporations, the original Crown Zellerbach Corporation Class A preferred stock was exchanged for stock in Crown Zellerbach Corporation, the merged corporation, upon the following basis: One and 1/40th share of the $5 cumulative convertible preferred stock of Crown Zellerbach Corporation, the merged corporation, and one share of common stock of the merged corporation, for one share of the said Crown Zellerbach Corporation, Class A preferred stock with its accrued dividends of $17.50 per share. The 2,331 shares of Class A preferred stock of Crown Zellerbach Corporation, with accrued dividends in the amount of $17.50 per share held under the trust referred to in said agreement of October 5, 1935, has been exchanged in accordance with the said plan of merger as aforesaid, and plaintiff is informed and believes, and so alleges, that all the stock of Crown Zellerbach Corporation, as merged, issued in exchange for the aforesaid Class A preferred stock, with accrued dividends of original Crown Zellerbach Corporation, has been delivered to, and is now held by, and is in the possession of the defendants herein, and by reason thereof, the accrued dividends of $17.50 per share heretofore sold and assigned to said Harry I. Stafford by said Arthur Zellerbach as hereinabove set forth, have been paid to, and received by said defendants. Prior to the commencement of this action Harry I. Stafford demanded of said defendants that they pay to him the amount of said accrued dividends. At the time of the assignment to Harry I. Stafford the accrued dividends amounted to $40,792.50. Then follows a prayer for said sum.

The defendants demurred to the foregoing second amended complaint. Among others they stated the following grounds:

"II.

"That plaintiff's second amended complaint on file herein does not state facts sufficient to constitute a cause of action against these defendants, or any of them.

"III.

"That plaintiff's second amended complaint is uncertain in each of the following particulars:

"(a) It does not appear therein, nor can it be ascertained therefrom, whether the merger between Crown Willamette Paper Company and Crown Zellerbach Corporation was consummated prior to March 3, 1937, the date of Arthur Zellerbach's death;

"(b) It does not appear therein, nor can it be ascertained therefrom, whether the accumulated dividends upon the 2,331 shares of Class A preferred stock of Crown Zellerbach Corporation were ever declared and paid by the Crown Zellerbach Corporation;

"(c) It does not appear therein, nor can it be ascertained therefrom, whether the trust described in paragraph 3 of plaintiff's second amended complaint was in existence at the time of the consummation of the merger between Crown Willamette Paper Company and Crown Zellerbach Corporation."

It is alleged that Arthur Zellerbach placed his stock in a trust reserving to himself the income and designating his nephews as remaindermen. It is alleged that Arthur Zellerbach died March 3, 1937. Nothing to the contrary appearing, it may be assumed the remaindermen at the time of his death took the trust estate together with the income thereof. It is alleged that a merger between Crown Zellerbach Paper Company and Crown Zellerbach Corporation was effected. If so, it became material to know whether such merger was consummated prior or subsequent to the death of Arthur Zellerbach. As plaintiff's action was an action for money, it also became material to know whether any dividends had been declared and paid. Assuming that some moneys were paid, under the allegations set forth in the second amended complaint the plaintiff could claim an interest in those moneys paid to or for the account of Arthur Zellerbach but not to moneys paid to or for the account of the remaindermen. For these reasons each of the specifications (a), (b) and (c) was well taken.

Under the allegations contained in the second amended complaint it appears the parties contemplated that at least some dividends might be paid in some manner otherwise than in money. Under other allegations it appears the accrued dividends were not paid in money but by the merger agreement the stockholders were given shares in the Crown Zellerbach Corporation in lieu of the payment of money. In other words, on the face of the pleading it appears the original contract between the stockholders of the Crown Zellerbach Corporation and the holders of the preferred stock thereof was modified by all parties in interest and to each stockholder shares of stock were issued for the accrued dividends. The parties anticipated such corporate action and

they inserted in the trust agreement that the dividends should be paid to the trustor " . . . no matter when or how such payment should be evidenced or made . . . ". If at the time of the merger the trustor had been alive, his right would have been to demand stock, not money. His assignee has no greater right. Assuming that the trust has not been terminated, the second amended complaint was insufficient because the trustor's assignee has not pleaded facts showing he is entitled to a judgment for money, and the trial court did not err in sustaining the demurrers.

We pass now to a consideration of the order dismissing the action. The notice of motion to dismiss set forth:

"Said motion will be made upon the following grounds:

" (1) As originally begun, the action was sham and based on false allegations, and the first amended complaint and the second amended complaint on file herein are, and each of them is, likewise sham and based upon false allegations;

" (2) The filing of said second amended complaint and the maintenance of the action in the circumstances herein appearing were and are an abuse of the process of the court by the plaintiff;

" (3) The second amended complaint is an abuse of the leave granted to the plaintiff to amend given in the order whereby these defendants' demurrers to plaintiff's first amended complaint were sustained;

" (4) The interests of justice will be subserved by the dismissal of said action.

"Said motion will be based upon this notice of motion, the affidavit of J. D. Zellerbach, served and filed herewith, and all the records, papers and pleadings on file in the above entitled cause, including the original and first amended complaint filed herein and the demurrers and answers thereto and the motions to strike portions thereof."

 It is obvious that the motion to dismiss was not made pursuant to the provisions of sections 581-581b, Code of Civil Procedure. But it is also true that, as to the power to dismiss, those sections are not exclusive. (*People* v. *Jefferds*, 126 Cal. 296 [58 Pac. 704].) The power to dismiss was formerly exercised by courts of chancery and later it was exercised in the law courts. (6 Am. & Eng. Ency. of Pl. & Pr. 910; 9 Cal. Jur. 505.) By those courts it was exercised when it was shown that an action was fictitious or sham. (49 C. J. 701, and 18 C. J. 1180.) The same rules apply to

a dismissal at law or in equity under code procedure unless modified by statute. (6 Am. & Eng. Ency. Pl. & Pr. 910.) No statute has modified the rule in this state. That a motion to dismiss is proper practice is settled law but in each case the question arises whether the specific facts presented to the court constitute grounds for an order of dismissal. Therefore the defendants had the right to make, and the trial court had jurisdiction to hear and determine, the motion to dismiss.

As the court had the jurisdiction to entertain the motion the defendants had the right to support their motion with affidavits. (Code Civ. Proc., sec. 2009; *California etc. Bank* v. *Graves,* 129 Cal. 649, 651 [62 Pac. 259]; *Pacific Paving Co.* v. *Vizelich,* 141 Cal. 4, 10 [74 Pac. 352]; *Guardianship of Van Loan,* 142 Cal. 423, 426 [76 Pac. 37]; *Fuller* v. *Lindenbaum,* 29 Cal. App. (2d) 227, 230 [84 Pac. (2d) 155].)

█ In the original complaint and in each amended complaint the plaintiff, by virtue of a written assignment, asserted title to $40,792.50, the amount of accrued dividends claimed to have been paid on certain shares of stock. In no one of those pleadings was there an allegation to that effect but each pleading contained intimations that Arthur Zellerbach held the title to and assigned to plaintiff's decedent (1) dividends payable after the death of the assignor, and (2) that such dividends were paid. The defendants contended that neither proposition was true and that they were not liable in any sum if the facts were fully alleged. In support of that contention they filed demurrers in which they made specific attacks. Their demurrers were sustained to the first complaint, their demurrers were sustained to the amended complaint, and they interposed similar demurrers to the second amended complaint.

They also moved to dismiss on the ground above stated and in support of their motion they offered in evidence all the records and files and also the affidavit of J. D. Zellerbach. The plaintiff offered no evidence. The trial court granted the motion. The proof so offered by the defendants consisted of certain written agreements which showed that Arthur Zellerbach had only a life estate under certain trust agreements. The proof also showed that the accrued dividends were neither declared nor paid to, or for the account of Arthur Zellerbach during his lifetime. It further showed he had no title to any other dividends which he could have

assigned or that he ever attempted to assign. Therefore, in dismissing said action the trial court did not err. (6 Am. & Eng. Ency. Pl. & Pr. 910; 21 R. C. L. 452; 18 C. J. 1180; *Stewart* v. *Butler,* 27 Misc. 708 [59 N. Y. Supp. 573] ; *Scarcia* v. *United States Gypsum Co.,* 164 Misc. 825 [1 N. Y. Supp. (2d) 358] ; *Kirby* v. *Pease,* 33 Wash. 511 [74 Pac. 665]; *Delahoyde* v. *Lovelace,* 39 N. M. 446 [49 Pac. (2d) 253, 257] ; *Heard* v. *McCabe,* 130 Ark. 185 [196 S. W. 917]; *Rhea* v. *Hackney,* 117 Fla. 62 [157 So. 190] ; *Pueblo De Taos* v. *Archuleta,* 64 Fed. (2d) 807, 812.) In *Stewart* v. *Butler, supra,* an interesting discussion is found regarding the power of courts over litigation which is vexatious, clearly without merit, and not brought in good faith. On page 576, the court quotes with approval: ''On principle, I am of opinion that where you find a litigant like Mr. Edmonds, who will have recourse to such a series of vexatious and improper litigations as he has had recourse to, and, when a decision has been given against him, will persist in treating it as a mere nullity,—for he has considered the decision of the arbitrators as a nullity, he has considered my decision of January, 1876, a nullity, and he has considered the decision of Vice Chancellor Bacon, in February, 1877, a nullity,—when such a litigant is found I think it a most wholesome doctrine that any court should have the power of stopping such a litigation.''

Having quoted the above with approval, the court continued:

''The same inherent power of the court was invoked and applied in *Jacobs* v. *Raven,* 30 Law T. (N. S.) 366. In each of the cases above cited the actions were disposed of, as is sought to be done in the present case, on motion based upon affidavits. The power of a court of equity to entertain an action to restrain vexatious, annoying, and harassing suits at law is well recognized (2 Story, Eq. Jur. (13th ed.) p. 211), and such an action has been maintained in this state to restrain groundless and vexatious suits in other states. *Claflin* v. *Hamlin,* 62 How. Prac. 284. It is not necessary, however, to resort to an affirmative action in equity to accomplish the purpose. 'The more usual course in modern times, especially in this state, has been to grant the same relief on motion as might be obtained on formal suit.' *Lowber* v. *Mayor, etc., of City of New York,* 5 Abb. Prac. 325. There seems to be no doubt of the inherent power of the court, in the absence of any statute on the subject, to dismiss or

perpetually stay groundless, vexatious, and harassing litigations.'' In some of the cases which we have cited the conduct complained of consisted of acts done in different independent actions, in others some acts were done in the pending action and some acts were done in other actions, and in still other instances the conduct was done in the pending action. However, the rule is the same. Such circumstances are but the evidence and, of course, the weight of the evidence is to be determined by the trial court that is called upon to determine whether the party complained against has been guilty of maintaining groundless, vexatious, and harassing suits.

In the instant case the plaintiff claims he pleaded the trust agreements by their legal effect. But he did not do so. He pleaded only a part of the legal effect. The demurrers to the first complaint specified the defects. In his amended complaint the plaintiff did not cure the omitted portions but added a large amount of matter that was immaterial to the issue on trial. The demurrers of the defendants to the amended complaint made the same attacks. Again the plaintiff omitted to cure the defects when he filed his second amended complaint. The defendants repeated the same attacks. In pleading to the plaintiff's original complaint the defendant Anglo California National Bank filed an answer. That answer, among other things, set forth the facts showing that the trust under which this plaintiff claims he derived his title terminated on March 3, 1937, the date of the death of Arthur Zellerbach, that the administration of said trust was completed on April 21, 1937, that the Anglo California National Bank, the trustee, paid down to the date of March 3, 1937, all of the dividends received under said trust as therein provided, and that no part or portion of the said accrued dividends were paid to or for the account of Arthur Zellerbach during his lifetime or until after the said trust had terminated. That answer was filed June 7, 1937, whereas the second amended complaint was not filed until April 28, 1938. The affidavit of J. D. Zellerbach was filed May 16, 1938. It pleaded with meticulous care the facts showing that plaintiff had no cause of action. Notwithstanding these facts the plaintiff continued to press his claim. Under these circumstances the trial court did not err in dismissing the action as '' . . . litigation which is

vexatious, clearly without merit, and not brought in good faith".

The plaintiff now asserts that, in effect, the 'trial court assumed the documents brought forward by the defendants were the only instruments of title. Perhaps it did. If there were others the plaintiff should have produced them in opposition to the motion. He was bound to meet the issue tendered by the motion or abide the results of the hearing thereon. (*Merritt* v. *Merritt & Lyon*, 16 Wend. 405, 407, 408.)

In defense of the motion to dismiss the plaintiff states the original complaint was drawn and verified by an attorney at law, who had actually participated in framing some of the written agreements and who was familiar with the facts. He then states that this court should conclude without any hesitation that the contract has been fully and fairly pleaded. He seems to conclude that a presumption arose in his favor. However, when the defendants introduced the affidavit of J. D. Zellerbach and all the records and files, the trial court was called upon to determine the issue before it on all of the evidence. In support of the order made by the trial court we must assume it accepted the evidence introduced by the defendants.

The court did not err in granting the motion to dismiss.

The judgment appealed from is affirmed.

Nourse, P. J., and Spence, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on October 26, 1939. Shenk, J., and Carter, J., voted for a hearing.