[L. A. No. 23649. In Bank. Apr. 19, 1955.]

L. E. CROWLEY, Appellant, v. MODERN FAUCET MANUFACTURING COMPANY (a Corporation) et al., Respondents.

322

Nicolas Ferrara for Appellant.

Myron J. Glauber for Respondents.

TRAYNOR, J.—On August 3, 1951, plaintiff brought an action seeking damages for breach of an oral contract. He alleged in his third amended complaint "That on or about the 17th day of October 1950 the plaintiff and defendants entered into an oral agreement" whereby he was given the exclusive right to buy from defendants certain patented shower heads. He also alleged that "a written memorandum of said agreement, signed by the defendants, is set forth in a letter dated October 17, 1950, a copy of which is attached hereto as Exhibit 'A' and made a part hereof as though set forth herein in full." A demurrer to this complaint on the grounds that the written memorandum did not meet the requirements of the Statute of Frauds (Civ. Code, § 1624; Code Civ. Proc., § 1973) was sustained without leave to amend pursuant to a stipulation that "if the demurrer be sustained, that it be sustained without leave to amend." Judgment was entered that plaintiff take nothing in the action and that defendant recover its costs. Plaintiff's appeal from the judgment was dismissed.

On November 12, 1953, plaintiff brought the present action seeking an injunction, an accounting, and damages. The complaint alleges that "On or about October 17, 1950, at Los Angeles County California, plaintiffs and defendants made and entered into an exclusive sales agreement, and on said date defendants made, signed and delivered to plaintiffs their written memorandum of said agreement, wherein and whereby defendants agreed that they will sell exclusively to plaintiffs, and plaintiffs agreed that they will purchase exclusively from defendants. . . ." Defendants filed a motion to dismiss, and the record in the first action offered in support of the motion was received in evidence. The motion to dismiss was granted on the grounds that the alleged agreement is

identical with that alleged in the first action, that the prior judgment is res judicata, and that the action is sham and frivolous. A judgment of dismissal followed, from which plaintiff appeals.

The applicable rules are set forth in *Keidatz* v. *Albany*, 39 Cal.2d 826, 828 [249 P.2d 264] : (1) A judgment entered after a general demurrer has been sustained "is a judgment on the merits to the extent that it adjudicates that the facts alleged do not constitute a cause of action, and will accordingly, be a bar to a subsequent action alleging the same facts."
(2) "[E]ven though different facts may be alleged in the second action, if the demurrer was sustained in the first action on a ground equally applicable to the second, the former judgment will also be a bar." (3) "If, on the other hand, new or additional facts are alleged that cure the defects in the original pleading, it is settled that the former judgment is not a bar to the subsequent action whether or not plaintiff had an opportunity to amend his complaint."

A comparison of the records in the two actions reveals that the facts alleged in the present action are substantially the same as those adjudicated in the first action and that the case therefore falls squarely within the first rule in the Keidatz case.

Plaintiff contends that the prior judgment is not res judicata on the ground that the first action was based on an oral contract, whereas the present action is for breach of a written contract. The language of his complaint does not bear out his contention, but even if it did the result would be the same.

The prior complaint alleged an oral contract. The present complaint omits that allegation but does not expressly allege a written contract. It merely alleges that the parties "entered into an exclusive sales agreement" and that defendants "signed and delivered to plaintiffs a written memorandum" thereof. The written document is referred to only as a memorandum, and only one party is alleged to have signed it. A written memorandum is not identical with a written contract (see Rest., Contracts, § 207) ; it is merely evidence of it and usually does not contain all of the terms. (See 2 Witkin, California Procedure, 1228.) The very use of the word "memorandum" implies that it is something less than a contract, and it was apparently in that sense that the word was used in section 1624 of the Civil Code and section 1973 of the Code of Civil Procedure. Plaintiff simply alleges that the parties entered into a sales

agreement and is noncommittal as to whether that agreement is written or oral.

Even if plaintiff had inserted the word "written" before the phrase "exclusive sales agreement" he would not have escaped the bar of res judicata. The only writing on which plaintiff can rely is the writing that was before the court in the first action. The motion to dismiss and the affidavit in support thereof, tendered the issue whether there were other writings between the parties, and there were no counteraffidavits. If there were other writings, plaintiff "should have produced them in opposition to the motion. He was bound to meet the issue tendered by the motion or abide the results of the hearing thereon." (*Cunha* v. *Anglo-California Nat. Bank,* 34 Cal.App.2d 383, 392 [93 P.2d 572].) Moreover, plaintiff admits that the written contract relied on in the present action is the same document that was attached to the prior complaint as an exhibit. The court held in the first action that it was not even a memorandum of a contract, a fortiori it cannot be a written contract. It was relied on in the first action to comply with the statute of frauds and was relied on in the present action for the same purpose. Both actions arose out of the same transaction, both actions were for the same breach of the same contract, and both involve the same facts. The judgment in the first action is therefore a complete bar to the present action. (*Keidatz* v. *Albany, supra,* 39 Cal.2d 826, 828 and cases cited therein.)

The trial court did not abuse its discretion in dismissing the action on the additional ground that it was sham and frivolous. Not only was it barred by the judgment in the first action, but in that action plaintiff was given leave to amend his first amended complaint for the express purpose of pleading a written contract. He deliberately declined to do so and stipulated that "if the demurrer be sustained that it be sustained without leave to amend." In the present action he sought to avoid the effect of the former adjudication by failing to disclose in his complaint that the document upon which he now relies was the same document that was before the trial court in the first action and there held insufficient to comply with the statute of frauds. When it appeared without dispute in this action that plaintiff was in fact seeking to relitigate the precise issue that was finally adjudicated against him in the former action, the trial court properly exercised its power to stop vexatious litigation, clearly with-

out merit, and burdensome to the courts as well as to defendants. (*Cunha* v. *Anglo-California Nat. Bank, supra,* 34 Cal.App.2d 383, 388-391; *Neal* v. *Bank of America,* 93 Cal. App.2d 678, 682 [209 P.2d 825] ; *McKenna* v. *Elliott & Horne Co.,* 118 Cal.App.2d 551, 555 [258 P.2d 528].)

The judgment is affirmed.

Gibson, C. J., Shenk, J., Edmonds, J., Carter, J., Schauer J., and Spence, J., concurred.