[Civ. No. 22792. Second Dist., Div. Three. Aug. 6, 1958.]

A. LINCOLN, Appellant, v. E. DIDAK et al., Respondents.

A. Lincoln, in pro. per., for Appellant.

Roger Arnebergh, City Attorney (Los Angeles), William B. Burge, Deputy City Attorney, Harold W. Kennedy, County Counsel (Los Angeles), and Lloyd S. Davis, Deputy County Counsel, for Respondents.

THE COURT.—Plaintiff, who is also known as John G. Oppenheimer, appeals from orders dismissing his complaint against various named defendants, being the City Attorney of the City of Los Angeles, three of his deputies, the Chief of Police of the City of Los Angeles, a member of the Board of Supervisors of the County of Los Angeles and the Clerk of the Municipal Court of Los Angeles Judicial District.

The complaint which was directed not only against the defendants above named, who are respondents upon this appeal, but many others including judges of the Municipal Court of the Los Angeles Judicial District, the City of Los Angeles, the County of Los Angeles, the State of California and the People of the State of California, is in two counts. The first alleges that each of the defendants, "wilfully, unlawfully, wrongfully and maliciously, and with intent to oppress and injure the plaintiff, caused, instigated, directed and agitated the arrest and imprisonment of said plaintiff, without a warrant, and on or about December 26, 1956, did, in fact, arrest and imprison said plaintiff without a warrant, and detain him in overcrowded Lingering Heights jail, and continued to and did wrongfully and unlawfully and maliciously confine the said plaintiff in said jail, all without warrant or legal authority of any kind, whatsoever, until on or about January 2, 1957,

and without taking plaintiff before a magistrate, as required by section 849, Penal Code,'' to his damage in the sum of $10,000. The second count incorporates therein by reference the foregoing allegations and in addition alleges that ''In doing the things herein alleged, defendants maliciously abused and exceeded their rights, power, authority and jurisdiction, if any, under the Eighth and Fourteenth Amendments to the Constitution of the United States; under Article I, sections 6, 7 and 13, of the California Constitution; under the provisions of 28 U.S.C.A., section 1450; under the provisions of section 591 of the Vehicle Code; under section 80.76 (1) of the Los Angeles Municipal Code, Ordinance No. 77,000, and section 80.73.2, of the Los Angeles Municipal Code, Ordinance No. 88,642, and lawlessly and maliciously and unreasonably enforced the provisions of each of said municipal ordinances against plaintiff by criminal process or pretense thereof, and maliciously abused said criminal process or purported process against the plaintiff for an improper purpose, and for a purpose for which it was not intended, and wilfully and unlawfully took and stole from, and deprived the plaintiff of, $1,000.00 cash, in lieu of bail, lawful money of the United States, and the sole property of the plaintiff, without warrant or authority of law so to do, and with intent to take it, so as to unjustly enrich themselves at plaintiff's expense, and to oppress, injure, intimidate and damage the plaintiff, and to coerce and force him to pay tribute for baseless parking tickets, without defending against them, and to extort money from the said plaintiff, without notice of, or trial or hearing on, a parking ticket or citation.'' This is followed by a copy of sections 80.76 and 80.73.2 of the Municipal Code of the City of Los Angeles which make it unlawful for any person owning or possessing or having the control of any vehicle to park the same upon any street or alley for more than 120 hours in the aggregate during any period of 121 consecutive hours, and provide a penalty for the first violation thereunder of a fine not to exceed $50 or by imprisonment in the city jail for a period not exceeding five days.

Each of the respondents filed a general and special demurrer to the complaint and at the same time gave notice of motions to strike and dismiss the complaint upon the grounds that the purported action was sham and fictitious, based upon false allegations and not brought in good faith; that the filing of the complaint and the maintenance of the action constituted an abuse of the processes of the court; that plaintiff could not

prove sufficient facts on which to base a claim for relief; that the defendant has a valid affirmative defense based upon incontrovertible facts, and that the interest of justice would be served by a dismissal of the action.

The notices of the motions to strike and dismiss were accompanied and supported by affidavits setting forth the official status of each of the respondents; that plaintiff's purported cause of action arose out of certain criminal proceedings instituted against plaintiff in the Municipal Court of the Los Angeles Judicial District and appeals taken by the plaintiff from the judgments and orders therein to the Appellate Department of the Superior Court of the County of Los Angeles, the official court files in each of said proceedings being identified and incorporated by reference in the affidavits. Also attached to one of such affidavits and incorporated by reference in the others are copies of two commitments dated December 26, 1956, issued by a judge of the Municipal Court of the Los Angeles Judicial District, from which it appears that in two separate proceedings instituted by the People of the State of California against the plaintiff herein the said plaintiff was convicted of violating section 80.73.2 of the Los Angeles Municipal Code and sentenced to serve five days in the city jail of the city of Los Angeles on each such conviction. The commitments recite, among other things, the fact of his conviction on January 18, 1955, the sentence then imposed; that an appeal was taken by the plaintiff to the appellate department of the superior court, and that said judgments were by said appellate department affirmed. It further appears from the court records hereinbefore referred to that after the affirmance of said judgments plaintiff herein moved to vacate and suspend the judgments and reduce bail, which motions were denied, following which plaintiff again appealed to the appellate department which affirmed said orders on July 27, 1956; that the municipal court forfeited the $1,000 cash bail deposited by the plaintiff upon his appeals from the judgments of conviction for his failure to appear in satisfaction of said judgments rendered against him; that plaintiff thereafter again moved to vacate the judgments and upon denial of such motion he appealed from said order as well as the order forfeiting bail to the appellate department which on December 11, 1956, dismissed the appeals. (See *People* v. *Oppenheimer*, 147 Cal.App.2d Supp. 827 [305 P.2d 306].)

While the plaintiff filed affidavits ostensibly in reply to affidavits filed by the respondents, each of these is equivocal

and evasive. Therein plaintiff does not deny the official status of each of the respondents as set forth in their respective affidavits and while undertaking to deny the genuineness, due execution and validity of the commitments issued upon the judgments of conviction against him, he does not deny that he was imprisoned pursuant thereto nor does he undertake to deny the facts disclosed by the official records with respect to his efforts to set aside the order forfeiting the $1,000 cash bail deposited by him in order to stay execution of the judgments upon his appeal therefrom. Plaintiff's affidavits, like his complaint, are designed to conceal rather than reveal the facts out of which his purported cause of action arises. By the official records of the judicial proceedings had against the plaintiff it is incontrovertibly made to appear that defendant was not falsely imprisoned by the respondents but that he was imprisoned pursuant to judgments of the Municipal Court of the City of Los Angeles, which judgments became and are final, and that the purported charge that the respondents "stole" the $1,000 cash bail which he deposited upon his appeal from said judgment is false, it affirmatively being made to appear that the bail was ordered forfeited by the Municipal Court of the Los Angeles Judicial District.

 It is too clear to require extended argument to demonstrate that none of the respondents may be held liable for plaintiff's imprisonment pursuant to a commitment valid upon its face issued by the municipal court (*Vallindras* v. *Massachusetts etc. Ins. Co.* (1954), 42 Cal.2d 149 [265 P.2d 907]), and that respondents may not be charged with theft of the cash bail which was ordered forfeited by the order of the municipal court. If the order of forfeiture was wrongful or erroneous, plaintiff had available a ready remedy. (*People* v. *Oppenheimer, supra,* 147 Cal.App.2d Supp. 827.)

 Thus it is clear that the plaintiff's purported complaint against the respondents is false, fictitious and sham and constitutes an abuse of the process of the court. (*Cunha* v. *Anglo California Nat. Bank* (1939), 34 Cal.App.2d 383, 388 [93 P.2d 572]; *Crowley* v. *Modern Faucet Mfg. Co.* (1955), 44 Cal.2d 321, 324 [282 P.2d 33]; *Utz* v. *Aureguy* (1952), 109 Cal.App.2d 803, 806 [241 P.2d 639].) It has long been recognized in this state that a court has inherent power to dismiss an action when it is shown to be sham, fictitious or without merit in order to prevent abuse of the judicial process. (*Neal* v. *Bank of America* (1949), 93 Cal.App.2d 678, 682 [209 P.2d 825]; *McKenna* v. *Elliott & Horne Co.* (1953), 118

Cal.App.2d 551, 555 [258 P.2d 528] ; *Helvey* v. *Security-First Nat. Bank* (1950), 99 Cal.App.2d 149, 151 [221 P.2d 257].)

It is likewise well settled that facts warranting the dismissal of an action for the reasons hereinbefore stated may be made to appear by affidavit (*Cunha* v. *Anglo California Nat. Bank, supra,* 34 Cal.App.2d 383, 388-390; *Best* v. *Fitzgerald* (1947), 81 Cal.App.2d 965, 967 [185 P.2d 377] ; *Helvey* v. *Security-First Nat. Bank, supra,* 99 Cal.App.2d 149, 151), as well as by the record of prior judicial proceedings. (*Crowley* v. *Modern Faucet Mfg. Co., supra,* 44 Cal.2d 321; *Stafford* v. *Yerge* (1954), 129 Cal.App.2d 165, 169 [276 P.2d 649].)

Appellant contends that all of the foregoing authorities were rendered obsolete by the decision of our Supreme Court in *Pianka* v. *State* (1956), 46 Cal.2d 208 [293 P.2d 458], wherein it was held that nonstatutory speaking motions, such as those here, had been ''superseded by the procedure governing motions for summary judgment contained in section 437c of the Code of Civil Procedure,'' and as here no answer has been filed by the respondents as required by section 437c in force at the time the motions were made[1] the motions may not be considered as having been made under section 437c. This contention would appear to be meritorious were it not for the fact that subsequent to the time that the cause of action in the Pianka case arose, the Legislature enacted section 435 of the Code of Civil Procedure, reading as follows:

''The defendant, within the time required in the summons to answer, either at the time he demurs to the complaint, or without demurring, may serve and file a notice of motion to strike the whole or any part of the complaint. The notice of motion to strike shall specify a hearing date not more than 15 days from the filing of said notice, plus any additional time that the defendant, as moving party, is otherwise required to give the plaintiff. If defendant serves and files such a notice of motion without demurring, his time to answer the complaint shall be extended and no default may be entered against him, except as provided in Sections 585 and 586, but the filing of such a notice of motion shall not extend the time within which to demur.''

---

[1]In 1957 section 437c was amended so as to permit the making of a motion for summary judgment without the necessity of filing an answer to the complaint.

■ While this section has not been judicially construed since its enactment, by its terms it clearly authorizes a motion to strike the whole of a complaint without the necessity of filing an answer or demurrer. ■ While it does not purport to state the grounds upon which or the manner in which such motion may be made, it is reasonably apparent that the Legislature must have contemplated that the motion might be made for reasons and upon grounds not appearing upon the face of the complaint. Otherwise there would have been no purpose in enacting the section as defects appearing upon the face of the complaint could, prior to the enactment, be reached by demurrer or motion to strike under Code of Civil Procedure, section 453. ■ A reading of the section suggests that it constitutes a legislative reaffirmance of the inherent right of a court to strike or dismiss a complaint when it is made to appear by extraneous evidence that it is sham and based upon false allegations, thus restoring the law as it existed in California prior to the decision in the Pianka case. (See 3 U.C.L.A. Law Rev. 72.)

In the instant case it would have been an imposition upon and a waste of the time of the superior court, already heavily burdened with work, to proceed with a trial upon plaintiff's complaint when it was made to appear by incontrovertible evidence that plaintiff's alleged cause of action was nonexistent.

The orders appealed from are affirmed.