[Civ. No. 2284.   Fourth Appellate District.—June 10, 1940.]

W. B. COPE et al., Appellants, v. W. E. GOBLE et al., Respondents.

Rae B. Carter and John D. Chinello for Appellants.

Chester O. Hansen for Respondents.

GRIFFIN, J.—Plaintiffs appealed from an adverse judgment in a personal injury action. The complaint contained two causes of action, the first on behalf of plaintiff W. B. Cope, and the second on behalf of plaintiff Sam M. Fowler. In the first cause of action it was alleged that plaintiff Cope was injured on August 6, 1938, when a Lincoln sedan negligently driven by defendant Goble, as agent of the defendant corporation, collided with a Graham sedan driven by plaintiff Cope, at the intersection of highways 41 and 33 in Kings

County. Major injuries resulted. In the second cause of action it was alleged that plaintiff Fowler was riding as a guest in the automobile driven by the plaintiff Cope and that he was injured in the same accident by the same negligence. A joint answer was filed by the defendants. Allegations of negligence, proximate cause, injuries and damages were denied. Applicable to the first cause of action there was a specific affirmation that the negligence of plaintiff Cope was the sole and efficient cause of the collision. As to the second cause of action, there was an allegation denying that Fowler was a guest and alleged that he was an *occupant* in the Graham sedan driven by plaintiff Cope and that Cope was driving for and on behalf of Fowler and at his special instance and request and as his servant, agent and employee. Applicable to both causes of action were affirmative defenses of (a) unavoidable accident; and (b) contributory negligence of plaintiff Cope, driving as agent of plaintiff Fowler. Cross-complaints of respondents were subsequently dismissed by them at the trial. On December 13, 1938, the jury returned a separate verdict on each cause of action. Each was against the plaintiff concerned and in favor of the defendants. Judgment was entered on the verdicts. A motion for new trial was denied.

For a reversal of the judgment appellants rely upon the following grounds: (1) That the evidence is insufficient as a matter of law to support a judgment for defendants; (2) that the judgment against Fowler should be reversed because it was prejudicial error to submit an issue as to agency to the jury; and (3) that there was prejudicial misconduct of defendants' counsel in intimating to the jury that criminal charges were pending against plaintiff Cope.

Highway No. 41 is an ordinary paved highway about 18 to 20 feet wide with shoulders ranging from 11 to 14 feet, and runs northeasterly and southwesterly. Highway No. 33 is similarly constructed and runs northwesterly and southeasterly. They do not intersect at right angles but cross each other in the form of an X. Appellant Cope was driving southeasterly on highway No. 33 and respondent Goble was proceeding southwesterly on highway No. 41, about 5 o'clock in the afternoon. The day was clear, the roads were dry, and the sun was shining.

Appellant Cope testified that his version of the accident was to this effect: That in approaching the intersection he was driving on his right-hand side of the roadway; that when within 200 to 250 feet northwest of the intersection he saw two cars approaching on highway No. 41, one to his right and the other to his left. The one to his right and southwest of the intersection was the car driven by a Mr. O'Neill. The one to his left and northeast of the intersection was the Lincoln sedan driven by respondent Goble. The Goble car at the time was 400 to 450 feet northeast of the intersection, and when about 35 feet from the intersection he again looked to his left and saw the Lincoln sedan 80 or 90 feet northeast of the intersection and apparently slowing down; that he then looked to the right; that on again looking to the left and at a time when he was in the center of the intersection he saw the Lincoln sedan bearing down on him; that he swerved the Graham sedan to the right; that the impact of the two cars occurred south of the medial line of highway No. 33 and east of the medial line of highway No. 41; that the Goble car hit the Graham sedan about midway on the left front fender. On the question of speed he placed his own speed as uniformly around 35 miles an hour and he estimated the speed of the Lincoln sedan as varying from 50 to 70 miles an hour; that after the impact the Lincoln sedan came to rest on the east side of highway No. 41 something like 150 feet southwest of the intersection and that the Graham sedan came to rest east of the Lincoln sedan and off of the highways. On cross-examination he testified that "Goble was traveling twice as fast as I was" and "I proceeded on, drove on towards the intersection . . . I could not say positively that I did or did not slow down . . . I was traveling around 35 miles an hour at the time of the accident . . . I did not give much thought to him (referring to Mr. Goble) when I saw him up there. He was so far back I never thought about the man coming into the intersection . . . so I continued down the highway, keeping the same speed until I reached a point 40 feet from the intersection before I looked again . . . It looked to me like the man was going to stop. I judge he was (then) making around 50 to 55, something in that neighborhood. I would not be positive. . . . I looked back (to the left) after my car was entered into the intersection." The

testimony of appellant Cope was corroborated by the testimony of appellant Fowler.

W. G. O'Neill testified that "I, accompanied by my wife, was driving in a northeasterly direction on State Highway No. 41 (meeting Mr. Goble, who was going in the opposite direction) . . . I saw these two automobiles before the accident . . . I just seen them coming down the road and they run together, was all, and the Graham car hit the Zephyr right in the righthand side of the door, the front door . . . The Zephyr was just about in the center of the intersection at the time it was struck, that is the way it looked to me . . . The Graham was going along about 40 or 50, I guess . . . I would judge the speed of the Zephyr at about the same . . . After the accident the Graham went right straight on across the road. It hit the other car and went right straight on across . . . The Zephyr rolled over about twice after it was hit."

The pertinent portions of the testimony of Mrs. O'Neill may be paraphrased as follows: We saw the two cars coming. One was a Graham and the other one was a Lincoln Zephyr, and the Zephyr was coming towards us and the other was coming from the other direction, and we were coming from Paso Robles and they were both just coming at ordinary speed, I would say nothing out of the ordinary, to imagine they were going to have an accident or anything, and we just didn't realize it until they hit. And the one that was coming from the Avenal Road (the Cope automobile) hit the other one and it turned over twice or three times, I don't know which . . . I would say that the Goble automobile was almost across the intersection before it was hit because the other car ran on into the corner, right across the street onto the corner, from the corner where we were.

Respondent Goble testified generally that in approaching the intersection he was driving on his right-hand side of the roadway; that he passed the junction sign 835 feet northeast of the intersection and on his right-hand side of the highway but did not see it; that he was not aware that he was approaching an intersection until he was within about 25 feet of it; that he became aware of it through seeing the Cope car on his right approaching southeasterly on highway No. 33; that he was not earlier aware of the existence of the Cope car; that he estimated that he was 25 feet from

the intersection when plaintiff Cope was 50 feet from it; that he formed no estimate of its speed; that he placed his own speed at 55 miles an hour in approaching the intersection; that before entering the intersection he commenced to swerve his car to the left; that the impact of the two cars occurred at a point south of the medial line of highway No. 33 and east of the medial line of highway No. 41; and that the Cope car hit the Lincoln sedan "flush" on the right rear.

The foregoing constitutes a general, rather than an exhaustive, statement of basic facts. From this evidence appellant argues that the record establishes as a matter of law that respondents were negligent and that their negligence was the sole proximate cause of the accident.

Analyzing the evidence, if believed by the jury, it was shown that there was testimony that would establish the negligence of the respondent Goble and particularly respecting reasonable and prudent speed under the circumstances related. (Sec. 510, Vehicle Code; *Groat* v. *Walkup Drayage etc. Co.*, 14 Cal. App. (2d) 350, 355 [58 Pac. (2d) 200]; *Rush* v. *Lagomarsino*, 196 Cal. 308 [237 Pac. 1066].) Whether the negligence of respondent Goble was the sole proximate cause of the accident was properly left to the determination of the jury if there was substantial evidence of contributory negligence on the part of appellant Cope. We will therefore discuss such evidence as may support such a conclusion. In doing so we must keep in mind the rule and accept as true all evidence tending to establish the correctness of the finding or verdict, and must consider the evidence in the most favorable aspect towards the prevailing party and give that party the benefit of every inference that can be reasonably drawn in support of his claim. Guided thereby, it may be properly said from the record of the evidence that the Graham car was traveling in excess of 45 miles per hour. The testimony of Mr. O'Neill would so indicate. He testified that appellants' speed was "about 40 or 50, I guess". He also said that both the Graham and the Zephyr cars were traveling "about the same". Appellants fixed the speed of respondents' car "around 65 or 70 miles an hour coming on up through there" and "around 50 or 55" near the intersection. If they were both traveling at about the same speed the jury would have the right to take the circumstance of relative speed into consideration. The same

rule applied to the speed of respondents' car in reference to negligence would also apply to appellants'. (*Groat* v. *Walkup Drayage etc. Co., supra.*) It should also be noted that the evidence relating to the precaution taken by appellant Cope as he approached the intersection was capable of being interpreted as negligence on his part, for he admitted that after seeing the Goble car he ''did not give much thought to him'' and that he did not look to his left again until he was some 40 feet from the intersection and that at that time he himself was traveling 35 miles an hour, going on to explain that the Goble automobile was then 80 to 90 feet from the intersection traveling 50 to 55 miles an hour; that he looked to his right and did not pay any further attention to the Goble automobile until he, Mr. Cope, was in the intersection. From the testimony of Mr. and Mrs. O'Neill, it is questionable as to which automobile entered the intersection first. Mrs. O'Neill's evidence would indicate that the Goble automobile was almost across the intersection before it was hit. The disputed question of the right of way under section 550 of the Vehicle Code became involved. (*Keyes* v. *Nims*, 43 Cal. App. 1 [184 Pac. 695]; *Leblanc* v. *Coverdale*, 213 Cal. 654 [3 Pac. (2d) 312]; 3 Cal. Jur., p. 836, sec. 67.) From the foregoing we are convinced that the negligence of respondent Goble was not the sole and proximate cause of the accident and injury as a matter of law and that there was substantial evidence to support the verdict of the jury on the theory that plaintiff and appellant Cope was guilty of contributory negligence.

The next question presented is deserving of more merit and consideration. The question presented is whether appellant Fowler assumed the status of a passenger in the automobile driven by the appellant Cope. The court, after defining an agent, instructed the jury ''that any negligence, however slight, on the part of plaintiff W. B. Cope, which directly and proximately contributed to the happening of the accident involved in this case, bars a recovery by him, . . . And if you further find from the evidence that negligence on the part of plaintiff W. B. Cope, however slight, which directly and proximately contributed to the happening of the accident, also bars a recovery by plaintiff Sam M. Fowler, provided you further find from the evidence that at the time and place of the accident the said plaintiff, W. B.

Cope, was the agent of plaintiff Sam M. Fowler and was at said time and place acting as such agent in the course and scope of his employment . . . ''; that ''If you find from the evidence that at the time of the accident involved in this case plaintiff W. B. Cope was driving a Graham sedan automobile in which said plaintiff, W. B. Cope, and plaintiff Sam M. Fowler were riding, for and on behalf and as the servant, agent and employee of said plaintiff, Sam M. Fowler, then I charge you that any negligence, if any proved, on the part of plaintiff W. B. Cope must be imputed to said plaintiff, Sam M. Fowler.''

It is argued by appellants that the state of the evidence did not justify submission to the jury of an issue of principal and agent, master and servant, or employer and employee, and that it was prejudicial error to give the instruction on that subject, citing *Stoddard* v. *Fiske,* 35 Cal. App. 607, 609, 610 [170 Pac. 663]. The undisputed evidence bearing on the question may be thus stated: Fowler was a son-in-law of Cope. Fowler had been out of employment for several weeks. He was seeking employment. Cope was distantly related to an employee of an oil company in Wasco. Fowler knew a Mr. McBride and he (Fowler) borrowed McBride's car to make the trip to see that relative about employment. Cope's testimony was in part as follows: ''Q. How did you happen to have that car that day, Mr. Cope? A. Mr. Fowler and I went over and *Mr. Fowler borrowed* the car from Mr. McBride for *us* to drive over to Wasco (italics ours). Q. What was the purpose of that drive. . . .? A. I were going over there to try to get Mr. Fowler a job with the Shell Oil Company.'' Fowler corroborated this testimony. It therefore appears that Fowler was a courtesy bailee of McBride, the owner of the car. (*Gochee* v. *Wagner,* 257 N. Y. 344 [178 N. E. 553].) As such, he stood in the same position as the owner of the car would under the same circumstances. (*Atchison, Topeka & Santa Fe Ry. Co.* v. *McNulty* (C. C. A. 8, 1922), 285 Fed. 97; *Masterson* v. *Leonard,* [1921] 116 Wash. 551 [200 Pac. 320].)

In *Randolph* v. *Hunt,* 41 Cal. App. 739, 750 [183 Pac. 358], where the owner was an occupant of the car, one of the important points in that case was whether there was, in fact, sufficient evidence to hold appellant, the owner and occupant, responsible for the acts of Triggs, the driver, in

driving the car. Triggs borrowed the car to go to Sacramento in quest of employment and he invited appellant, the owner, to go along to recommend him at a certain garage in that city. The court held that from the ownership of the automobile by the defendant, there arises a presumption that it was being used for his purposes; and such presumption, being legally sufficient to support a verdict, is legally sufficient to create a conflict in the evidence, notwithstanding the plaintiffs introduced no evidence to rebut the testimony of defendants' witnesses that the machine was not being used for his purposes, and stated: "It is not disputed that from the ownership of the automobile the presumption arises that it was being used for appellant's purposes. (*West* v. *Kern,* 88 Or. 247 [L. R. A. 1918D, 920, 171 Pac. 413, 1050]; *McWhirter* v. *Fuller,* 35 Cal. App. 288 [170 Pac. 417].)" To the same effect is *Owings* v. *Gatchell,* 32 Cal. App. (2d) 482 [90 Pac. (2d) 368].

■ It is to be borne in mind that the governing factor is not actual direction and control but the right to such direction and control. (*Gochee* v. *Wagner, supra.*) The latter element was clearly present in the case at bar. It was to Fowler that the owner had entrusted his automobile. Fowler was substituted for the owner in directing the manner of its operation. Appellants cite but one case in support of their position, i. e., *Stoddard* v. *Fiske, supra.* That case merely holds that driving a car to do a friendly act does not establish an agency. The distinction between that case and the present one is that neither the owner nor the owner's representative were present in the car. There was consequently no principle upon which negligence could be imputed. In addition to the presumption raised, the evidence clearly establishes the fact that both Cope and Fowler were going on the trip for the one purpose of securing employment for Fowler. We therefore conclude that appellants cannot now complain because the trial court left the question of agency open for a determination by the jury. Its ultimate conclusion is sufficiently supported by the evidence.

■ Finally, appellants complain of misconduct of defendants' counsel in intimating to the jury that criminal charges were pending against plaintiff Cope. It appears from the evidence that both drivers of the cars involved were given citations for some violation of law at the time of the collision

and were ordered to appear at a subsequent date before the justice of the peace of Avenal township. Appellants, as part of their case in chief, produced the justice of the peace as a witness, who brought with him his docket containing, on opposite pages, a record of the proceedings as to each defendant driver. On direct examination the justice was interrogated concerning the outcome of criminal proceedings against defendant Goble for violation of the Vehicle Code. Although the record is not clear, the facts and argument of counsel would indicate that the driver Goble, without ever entering a plea, deposited and forfeited a bail of $20. The nature of the charge against Goble is not shown. Under the authority of *Burbank* v. *McIntyre*, 135 Cal. App. 482 [27 Pac. (2d) 400] (1933), a judgment in a criminal prosecution may not be received in a civil action to establish the truth of the facts in which it was rendered except when the defendant has entered a plea of guilty, in which case the record is admitted not as a judgment establishing the fact, but as an admission against interest. Appellants, over strenuous objections, erroneously convinced the court that the forfeiture of bail under the circumstances related, amounted to a conviction which was admissible as an admission against interest. Section 755 of the Vehicle Code (1937) then in effect, provided:

"No record of the conviction of any person for any violation of this code, nor any testimony of or concerning or produced at the trial terminating in such conviction, shall be admissible as evidence in any court in any civil action."

The claimed misconduct of respondents' attorney was not in endeavoring to offer evidence of the fact that appellant was likewise charged with some violation of the Vehicle Code, but consisted in a question directed to a witness, the justice of the peace, inquiring if the record did not disclose that Cope was not the one who had appeared or deposited bail. It was the apparent contention of appellants that because Goble had posted bail and forfeited it, the evidence was admissible against him, and that because the appellant Cope had been successful in postponing his case for over four months and until after trial of the civil action without forfeiting bail, the record of his criminal charge was not admissible against him. The record indicates that counsel for respond-

ents later withdrew his question relating to Cope's record and it was stipulated that it may "go out" and the jury was so instructed. The claim of prejudicial misconduct of respondents' counsel, therefore, in view of the provisions of section 755 of the Vehicle Code (1937), is without merit and falls by its own weight. What has been said sufficiently disposes of all the determinative questions raised on appeal.

Judgment affirmed.

Barnard, P. J., and Marks, J., concurred.

A petition by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on August 8, 1940.