[Civ. No. 11812. First Dist., Div. One. Oct. 7, 1942.]

CLAYTON J. GOODPASTOR, Respondent, v. SOUTHERN PACIFIC COMPANY (a Corporation) et al., Appellants.

CLAYTON J. GOODPASTOR, as Administrator, etc., Respondent, v. SOUTHERN PACIFIC COMPANY (a Corporation) et al., Appellants.

Elliott Johnson for Appellants.

Weinmann, Quayle & Berry for Respondent.

PETERS, P. J. — As the result of an intersection collision between the automobile of plaintiff, Clayton J. Goodpastor, and the electric train of defendants, plaintiff received personal injuries and his wife was killed. Plaintiff instituted two actions for damages against defendants, one to recover for his personal injuries, and the other for the death of his wife. The trial court granted defendants' motions for nonsuits, but, thereafter, granted plaintiff's motions for new trials on the ground of insufficiency of the evidence. From these orders defendants have appealed.

Although given ample opportunity to do so, respondent has filed no brief on these appeals, nor has he or his counsel suggested any theory upon which the orders appealed from can be sustained. In fact, respondent's counsel in several letters to this court has indicated his belief that by reason of a recent decision of the Supreme Court, hereafter mentioned, the orders cannot be sustained. Nevertheless, respondent has refused to stipulate to a reversal.

The facts as stated in appellants' brief, which in view of respondent's failure to file a brief we are permitted to accept as correct (rule V, § 1, of the Rules of the Supreme Court and District Courts of Appeal), are as follows: Plaintiff owned an automobile which he was unable to drive because of an arthritic condition. On the day of the accident he requested his friend, Mr. Conroy, to drive. Plaintiff occupied the seat beside the driver, while Mrs. Goodpastor and Miss Perry were sitting in the back seat. While driving northerly on Webster Street in the city of Oakland, the automobile collided with the electric train of defendants at the intersection of Webster Street with Seventh Street. The evidence shows without conflict, and it was admitted at the trial, that Conroy was guilty of negligence. He failed to stop at the arterial

stop sign guarding the crossing, and failed to heed the signals of the train or of the flagman stationed at the crossing. There was a conflict of evidence as to whether the train was traveling at an excessive speed. The main issue presented to the trial court was whether the admitted negligence of Conroy should be imputed to the plaintiff as owner of the automobile. If so, the plaintiff was chargeable with contributory negligence as a matter of law. The trial court granted the non-suits on the theory that the negligence of the driver was imputable to the owner, but, on motion for new trial, changed its view, and held that such negligence was not imputable to the owner. At that time, the law on this question was uncertain. Subsequent to the perfecting of the present appeals, the Supreme Court has settled the issue. In *Milgate* v. *Wraith*, 19 Cal. (2d) 297 [121 P. (2d) 10], it was held that under the provisions of section 402 of the Vehicle Code as amended in 1937, as a matter of law "the negligence of a borrower of a car should be imputed to the owner in an action by the owner against a third party." (P. 304.) That case is conclusive on the sole issue here presented. The admitted negligence of Conroy must be imputed to plaintiff. That being so, such contributory negligence, as a matter of law, bars any recovery by plaintiff.

The orders appealed from are reversed.

Knight, J., and Ward, J., concurred.