[Civ. No. 3772. Fourth Dist. May 13, 1949.]

LESLIE B. LOGAN et al., Appellants, v. MRS. JOHN C. SERPA et al., Respondents.

Walch & Criswold for Appellants.

Sidney J. Sharp, Herbert M. Braden and Lawrence W. Clawson for Respondents.

GRIFFIN, J.—Plaintiff and appellant Leslie B. Logan and his wife Doris, brought this action against defendants and respondents Mrs. John C. Serpa and her daughter Alice Serpa, for damages arising out of an automobile collision.

The complaint alleges that on October 7, 1945, defendant Alice Serpa, aged 24, was driving a Chevrolet belonging to her mother and with her consent, and while so driving was acting for her mother as servant and agent. Defendants denied the allegations and set up a cross-complaint seeking damages against plaintiffs. The trial court, sitting without a jury, granted plaintiff Leslie B. Logan $8,483.30 and Doris Logan $3,500, as a judgment against Alice Serpa and denied defendants the relief sought by the cross-complaint. It found that the Chevrolet, driven by defendant Alice Serpa, was, at the time of the accident, registered in the Department of Motor Vehicles under the name of J. C. Serpa, her deceased father, as legal owner; that there was no relationship of principal and agent, or joint adventurers between the mother and daughter. In one paragraph of the judgment the court specifically ordered "that judgment be entered in favor of defendant Mrs. John C. Serpa."

Plaintiffs appeal only from this quoted portion of the judgment, and contend that there is not sufficient evidence to warrant (1) a finding that she was not the owner of the Chevrolet at the time of the accident; and (2) the finding that there did not exist the relationship of master and servant, principal and agent, or joint adventurers between them.

As to the first contention the evidence shows that the Chevrolet, previous to the accident, was registered in the name of J. C. Serpa; that he passed away on August 24, 1945, 44 days prior to the accident; that the father died without executing a will and no steps had been taken toward the ad-

ministration of the estate. The heirs were his wife, Alice, and two other daughters. The showing was that the property of the estate was community property. The pink slip was kept by the deceased in his safe deposit box to which Alice had access. Two days after the accident Alice sold the automobile and she signed her father's name to the pink slip without any power of attorney from him. She claimed that she had authority to open the safe deposit box which was, immediately after his death, changed to the name of her mother. She also claimed that she was living with her father and mother on the ranch and that prior to his death no other member of the family drove the automobile except her and her father. She testified that a few weeks before his death the father told her that she could have the Chevrolet car "if she came to take care of him." Her testimony in reference to the claimed gift of the Chevrolet car was corroborated by her mother and another witness. It was used on and about the ranch and gasoline for its use was taken from the family pump located on the ranch. During the father's illness Alice used the Chevrolet in and about the ranch and drove her mother to the hospital to visit her father each day.

The mother testified that she believed, at the time, that the automobile was owned by her daughter.

The finding of the trial court that title to the automobile did not pass to the daughter is conclusive upon this appeal. It is therefore plaintiffs' argument, predicated upon this finding, that in view of the provisions of sections 164 of the Civil Code and 201 of the Probate Code "All property acquired after marriage of a husband and wife is community property," and that "[u]pon the death of either husband or wife, one-half of the community property belongs to the surviving spouse and further, that in the absence of testamentary disposition by the decedent the other one-half goes to the surviving spouse"; that Mrs. John C. Serpa, upon the death of J. C. Serpa, was vested with the ownership and title of the Chevrolet automobile *in toto* in the absence of testamentary disposition, unless it was disposed of during his lifetime. It is therefore argued that the undisputed evidence shows that, on the date of the accident, Mrs. John C. Serpa was the owner of the car and was present with her daughter who was driving, and that she was therefore liable under section 402 of the Vehicle Code and such decisions as *Randolph* v *Hunt*, 41 Cal.App. 739 [183 P. 358]; *Goodpastor* v. *Southern Pac. Co.*, 54 Cal.App.2d 762 [129 P.2d 963]; *Grover*

v. *Sharp & Fellows Contr. Co.*, 66 Cal.App.2d 736 [153 P.2d 83]; and *Cope* v. *Goble*, 39 Cal.App.2d 448 [103 P.2d 598].

As to the second contention the evidence shows that on the date of the accident Alice Serpa drove the Chevrolet, with her mother sitting in the front seat, on her way to see the foreman of the ranch, which ranch her mother had inherited upon her husband's death.

Alice Serpa testified that she had no separate income of her own; that she did take her mother in the automobile wherever the mother wanted to go, but that the mother did not in any way attempt to control her driving.

The mother testified that she asked her daughter to drive her to this ranch; that at the intersection where the accident took place she knew that there was a boulevard stop sign and saw it on that occasion; that as they were approaching the stop sign she was not talking to her daughter; that apparently Alice did nothing at the time about making a boulevard stop but did eventually stop about 6 feet "ahead of the stop sign."

Plaintiffs strongly contend that this evidence shows, notwithstanding the finding of the court to the contrary, that the two defendants were engaged in a joint venture, even if it may be assumed that the mother was not the owner of the car, because of the fact that she helped finance the trip in the form of gasoline taken from the family pump and because the daughter was receiving compensation by way of residence in her mother's home. The question as to whether or not there was a joint venture was submitted to the trial court and this issue was decided against plaintiffs and cannot be disturbed on appeal. In the absence of proof of ownership of the Chevrolet by the mother, it cannot be said, as a matter of law that the relationship of principal and agent did exist between the mother and daughter at the time of the accident. It appears to us that the entire question, therefore, depends upon whether or not Mrs. John C. Serpa was the owner of the Chevrolet within the meaning of section 402 of the Vehicle Code, which recites "(a) Every *owner* of a motor vehicle is liable and responsible for the death of or injury to person or property resulting from negligence in the operation of such motor vehicle, in the business of such owner or otherwise, by any person using or operating the same with the permission, express or implied, of such owner, and the negligence of such person shall be imputed to the owner for all purposes of civil

damages'' (italics ours), subject to the limitations imposed by subdivision (b) thereof.

The automobile, though registered in the name of the husband, was properly found by the court to be community property. Up to the time of his death he had the management and control of it. (Civ. Code, §§ 161a, 172; *Cox* v. *Kaufman*, 77 Cal.App.2d 449 [175 P.2d 260] ; *Wilcox* v. *Berry*, 32 Cal. 2d 189 [195 P.2d 414].)

It has been held that a certificate of registration does not necessarily or conclusively establish true ownership and that a different ownership may be shown under certain circumstances which would bring the true owner within the provisions of section 402 of the Vehicle Code. (*McCalla* v. *Grosse*, 42 Cal.App.2d 546 [109 P.2d 358].)

Under this construction, ownership, for the purpose of establishing liability under section 402 of the Vehicle Code must have been in someone, otherwise the real purpose of the act in protecting other people on the highway could be legally defeated by allowing cars to remain in the names of deceased persons. It appears to us, therefore, that since it was established that the car was community property, the argument of plaintiff is tenable, i. e., that under sections 201 and 201.5 of the Probate Code ''upon the death of either husband or wife, one-half of the community property belongs to the surviving spouse, and that in the absence of testamentary disposition by the decedent the other one-half goes to the surviving spouse.'' That the estate of a decedent vests in his heirs or devisees immediately upon his death cannot be disputed. (*Western Pacific Railway Co.* v. *Godfrey*, 166 Cal. 346 [136 P. 284, Ann.Cas. 1915B 825].) Section 300 of the Probate Code provides that ''When a person dies, the title to his property, real and personal, passes to the person to whom it is devised or bequeathed by his last will or, in the absence of such disposition, to the persons who succeed to his estate . . . but all of his property shall be subject to the possession of the executor or administrator and to the control of the Superior Court for the purposes of administration. . . .'' Defendants argue that possession and right of control of the automobile was in the administrator or the court, and therefore Mrs. John C. Serpa had no such right of possession or control over it, citing *Clayton* v. *Rickerson*, 160 La. 771 [107 So. 569] ; and *Clemmons* v. *Clemmons*, 198 Ark. 430 [128 S.W.2d 994]. In the instant case there never was an administrator appointed to take possession of the car. During all of the period in

question the wife retained possession of it and exercised control over it, and it was being operated by the daughter with the express or implied permission of the mother. Under these circumstances we conclude that the negligence of the daughter is imputed to the mother for all purposes of civil damages to the extent of the limitation expressed in subdivision (b) of section 402 of the Vehicle Code.

The judgment in favor of defendant Mrs. John C. Serpa is reversed and the court is directed to enter judgment against her in accordance with this conclusion.

Barnard, P. J., and Mussell, J., concurred.

A petition for a rehearing was denied June 10, 1949, and respondent's (Mrs. John C. Serpa) petition for a hearing by the Supreme Court was denied July 8, 1949. Shenk, J., Edmonds, J., and Schauer, J., voted for a hearing.