ELEANOR ROSEN et al., Respondents, *v.* FRANCIS O'DONNELL et al., Appellants.

*Per Curiam.* The testimony is that plaintiff Herman was in custody of the automobile with his father's (the owner's) permission. While there is sketchy proof that the driver had on previous occasions driven the car with the owner's permission, on this occasion the circumstances and the evidence tendered suggest that he was driving it with plaintiff Herman's permission. Whether he was driving it with the express permission of Herman or not, Herman was still in custody of the automobile and still its director, or so the jury was entitled to infer. (*Grant* v. *Knepper,* 245 N. Y. 158.) Consequently, defendant was entitled to a charge that, if the jury first found that the driver was operating the automobile with plaintiff's permission, and if the driver was negligent, then that negligence was imputable to plaintiff Herman. (*Gochee* v. *Wagner,* 257 N. Y. 344; *Arcara* v. *Moresse,* 258 N. Y. 211; *Cope* v. *Goble,* 39 Cal. App. 2d 448.)

Accordingly, the judgment should be reversed as to plaintiff Herman and a new trial granted, with costs to the appellants, and affirmed as to plaintiffs Rosen and Feldman, with costs to the respondents.

Peck, P. J., Callahan, Van Voorhis and Breitel, JJ., concur.

Judgment unanimously reversed as to the plaintiff Herman and a new trial ordered, with costs to the appellants to abide the event, and unanimously affirmed as to the plaintiffs Rosen and Feldman, with costs to the respondents. Settle order on notice.