[Civ. No. 25906. Second Dist., Div. One. Nov. 19, 1962.]

ARTHUR M. VALLEJO, Plaintiff and Appellant, v. MONTEBELLO SEWER COMPANY INC., Defendant and Respondent.

Cooper & Gair and Jay Gair for Plaintiff and Appellant.

Warren D. Allen and Walter M. Sharman for Defendant and Respondent.

FOURT, J.—This is an appeal by plaintiff from a judgment entered in favor of Montebello Sewer Co. Inc. (sometimes hereinafter referred to as Montebello) after a motion by Montebello to dismiss the complaint was granted.

The plaintiff filed an unverified complaint on April 29, 1960, for damages for personal injuries and for property damage to an automobile. The action was against the defendants Jose Flores, Montebello, Lighting Dynamics, Inc., and others. The complaint was stated in one cause of action and plaintiff

alleged, among other things therein, that he, Vallejo, was the owner of and a passenger in a 1958 Chevrolet automobile driven by Flores, that Flores negligently operated the car, causing it to collide with a pile of dirt negligently left upon the street by Montebello and which company also negligently failed to post warnings, erect adequate guards, or place adequate warning lights upon the pile of dirt.

Flores filed an answer to the complaint on May 16, 1960, wherein he denied any negligence and affirmatively alleged that he was driving the car in the presence of the owner (Vallejo) and under his direction and control, that he (Flores) was the agent of Vallejo and under his direction, and further that Vallejo assumed the risks involved.

Montebello, on June 8, 1960, filed a general demurrer to the complaint upon the grounds that such complaint failed to state a cause of action against Montebello. The memorandum of points and authorities in support of the demurrer set forth, among other things, that the complaint on its face showed that Vallejo was the owner of the automobile, that Flores was driving it and that Vallejo was a passenger in the car at the time, that Flores negligently drove the automobile so as to collide with a pile of dirt piled in the street by Montebello and that he, Vallejo, was injured and damaged thereby. It was further stated in the memorandum that under *Milgate* v. *Wraith,* 19 Cal.2d 297 [121 P.2d 10], the negligence of a driver of an automobile will be imputed to the owner thereof for the purposes of barring the owner's recovery in actions for damages against third persons. The demurrer was sustained on June 15, 1960, and Vallejo was given 20 days within which to amend the complaint.

A motion for leave to file a proposed cross-complaint was filed on June 28, 1960, by Flores, such cross-complaint to be against Montebello and Lighting Dynamics, Inc. (sometimes hereinafter referred to as Lighting) as cross-defendants. Therein it was alleged by Flores, among other things, that Vallejo was the owner of the Chevrolet automobile in question, that Flores was driving the car with the permission and consent of the owner, and that Vallejo was a passenger in the automobile at the time in question; that a pile of dirt had been negligently left in the street without adequate warning signs and the automobile, while being carefully driven by him, ran into the pile of dirt and Flores was thereby injured.

A first amended unverified complaint was filed on July 5, 1960, by Vallejo. In the first amended complaint the plaintiff

set forth four causes of action. The first cause thereof is against Flores for the personal injuries sustained, and the second cause thereof is against Flores for the property damage to his automobile. It was alleged in the first cause of action that plaintiff was the owner of a 1958 Chevrolet hardtop automobile, that Flores did on March 4, 1960, operate the car along certain named streets, that plaintiff owned the Chevrolet automobile and was a passenger therein at the time of the accident, that Flores negligently drove the Chevrolet automobile so as to cause it to collide with a pile of dirt on the street and so as to proximately cause the personal injuries and property damage to plaintiff.

The second cause of action in the amended complaint re-alleged the matters set forth above as indicated and had to do with plaintiff's claims for property damage to the Chevrolet automobile.

The third cause of action in the amended complaint was against Montebello and Lighting. Plaintiff alleged therein that certain named streets were public streets, that on March 4, 1960, Flores operated a 1958 Chevrolet hardtop automobile on the streets in question, that the Chevrolet automobile in question belonged to the plaintiff and that he was a passenger therein; that a pile of dirt was negligently left in the street; that Montebello and Lighting failed to post adequate warnings, erect adequate guards or to place adequate warnings lights on said pile of dirt, which constituted an obstruction in the street, that such negligence proximately caused the automobile to collide with the obstruction and proximately caused the injuries and damage to plaintiff. Further it was alleged that said obstruction was placed in the street under a contract between Montebello and Lighting, under which contract certain drains were to be installed for property belonging to Lighting, that Lighting had knowledge of the dangerous condition and consented to it, that the contract between the named corporate defendants contained no provision requiring the company which was to do the work to guard the excavation, or if contained therein was negligently inadequate to protect users of the street; that Lighting negligently failed to provide adequate warning of the obstruction to users of the street and negligently failed to supervise the contractors. It was further alleged that in the original complaint the plaintiff by mistake and inadvertence pleaded liability against the originally named defendants in the same cause of action, and that it was the intention of

plaintiff to plead liability of the several defendants in the alternative, as he did not know who was negligent and/or whose negligence was a proximate cause of his injury.

The fourth cause of action in the amended complaint realleged the charging provisions of the third cause of action and had to do with the property damage to the automobile.

It is to be noted that there was no charge of negligence against Flores in the third and fourth causes of action and there is no reference therein to the first and second causes of action. In the first and second causes of action there is no reference to the third and fourth causes of action.

On July 12, 1960, Lighting filed an answer to the amended complaint wherein it was set forth that Vallejo had assumed the risk, was guilty of contributory negligence and that Vallejo was a passenger in his own automobile at the time of the accident, and any negligence of the driver Flores was imputed to him. On July 13, 1960, the motion of Flores to file a cross-complaint was granted and the cross-complaint was so filed as of that date.

On July 22, 1960, Montebello filed an answer to the third and fourth causes of action of the amended complaint. The answering defendant denied any negligence upon its part and as an affirmative defense alleged that Flores was driving the automobile at the time of the accident and that plaintiff was riding therein as a passenger, that Flores was driving the car with the permission and consent and as an agent and within the course and scope of his agency of and for the plaintiff, that at the time of the accident Flores was negligent and negligently drove the automobile in which plaintiff was riding so as to cause the same to collide with the pile of dirt, that the negligence of Flores was the sole and proximate cause of the accident and of the injuries to plaintiff, and that the negligence of Flores is imputed to plaintiff and bars his recovery against the answering Montebello. Further it was affirmatively set forth that the third and fourth causes of action do not state a cause of action against Montebello.

On July 26, 1960, an answer to the cross-complaint of Flores was filed by Lighting, wherein that company in effect denied that Vallejo was the owner of the Chevrolet car, denied that Flores was driving the car with the permission and consent of the owner thereof, and denied any negligence upon its part.

On August 31, 1960, interrogatories were propounded to Vallejo by Lighting and on the same date interrogatories were propounded to Flores by Lighting under the cross-complaint.

On September 22, 1960, answers to the interrogatories of

Lighting to the plaintiff were filed. Therein the plaintiff set out, among other things, that in the accident he received a compound fracture of the skull, a concussion, fracture of the neck and other quite serious injuries, that he had contracted substantial medical and hospital bills, and particularly set forth such amounts.

The record discloses that on October 10, 1960, Flores filed answers to the supposed interrogatories propounded to him by the cross-defendant Montebello. In fact, however, at that time no interrogatories had been put to Flores by Montebello. Interrogatories had been propounded by Lighting and filed on August 31, 1960. It would seem that Flores was in fact answering the interrogatories of Lighting, although the answers are as indicated, designated as answers to the questions of Montebello.

On December 30, 1960, Montebello filed an answer to the Flores cross-complaint, wherein it denied in effect that Vallejo was the owner of the car in question, denied that Flores was driving the car with the permission and consent of the owner, and denied that the owner was riding in the automobile at the time of the accident, and further denied all negligence or responsibility for the accident.

On February 14, 1961, Montebello filed interrogatories to Flores under the cross-complaint.

On March 21, 1961, interrogatories to the plaintiff by Montebello were filed. The plaintiff was asked in effect therein whether the plaintiff was the owner of the Chevrolet automobile in question, whether he was a passenger in the car at the time of the accident, and whether Flores so negligently drove the car as to proximately cause it to collide with a pile of dirt in the street, proximately causing the injuries to the plaintiff.

On March 31, 1961, plaintiff answered the interrogatories of Montebello by stating that he was the owner of the automobile; that he was a passenger at the time in question. With reference to the allegation or question concerning whether Flores negligently drove the automobile so as to collide with the dirt pile the plaintiff answered, "Yes, to the best of my ability and knowledge at the present time."

On April 14, 1961, a notice of motion to strike the complaint and enter judgment for Montebello was filed by it.

The plaintiff filed on April 26, 1961, a memorandum in opposition to the motion to strike the complaint, wherein it was set

forth that if the moving defendant desired to proceed as indicated it should make a motion for summary judgment based on affidavits and not by a so-called "speaking motion" to dismiss and cited in support thereof *Pianka* v. *State of California*, 46 Cal.2d 208 [293 P.2d 458]; *Lavine* v. *Jessup*, 48 Cal.2d 611, 614 [311 P. 2d 8] and further correctly set forth that under *Lambert* v. *Southern Counties Gas Co.*, 52 Cal.2d 347, 352 [340 P.2d 608] it was permissible to plead inconsistent causes of action in separate counts in a single complaint. A declaration of one of counsel for plaintiff was also filed, wherein it was set forth that plaintiff, in answering the interrogatory of Montebello with reference to the negligence of Flores, had stated that such was true to the best of his ability and knowledge as of April 21, 1961, and that such a statement was not the same as saying positively that such was the case, and further that plaintiff was entitled to have it determined by a trier of facts as to who, if anyone, was negligent.

The plaintiff's attorney's statement set forth in conclusion that "it is obvious that there are many vital triable issues of fact" without setting forth any of such issues specifically or otherwise. The plaintiff also filed his declaration in which he stated that all of the facts alleged in the amended complaint were based upon information and belief obtained since the accident as he had no present memory of the facts of the collision, that his last memory of anything prior to the collision was of events five days prior thereto.

On April 25, 1961, the answers of Flores to the interrogatories propounded by Montebello on February 14, 1961, were filed. Therein Flores stated in effect that he and Vallejo were road testing the automobile at the time in question and that the trip originated at Vallejo's home.

The matter of the motion to strike by Montebello came on to be heard on May 2, 1961, and the motion for an order to strike the amended complaint and for judgment for the moving defendant was granted on May 3, 1961. On May 9, 1961, plaintiff filed a notice of motion to reconsider the ruling and requested that either the defendant's motion to dismiss be denied or that the plaintiff be permitted to file an amended complaint against the defendants in the alternative. That motion was supported by declarations of the plaintiff and plaintiff's attorney. In the attorney's declaration it was set forth that the deposition of Vallejo established that he did not have any knowledge as to the facts of the accident, that after discussing the case with plaintiff he was unable to determine whether the

injuries sustained by plaintiff were proximately caused by the defendants and that therefore he was in doubt as to which of the defendants, if any, were liable to the plaintiff for the injuries he received.

The plaintiff declared:

"That based upon information that I have acquired since the date of the said accident, that I do not know positively whether the allegations contained in the said paragraph [relating to the negligence of Flores] are correct.

"That based upon information and belief I have discovered that I was injured and damaged when an automobile driven by the defendant Jose Flores collided with an obstruction consisting of a pile of dirt left on Baldwin Park Boulevard near Temple Street by certain defendants, including Montebello Sewer Co., Inc., on the date in question.

"That at the present time I am unable to determine whether the injuries and damages sustained by myself were proximately caused by the negligence, if any, of the defendant Jose Flores, in the operation of the motor vehicle, or the negligence, if any, of the defendants, including Montebello Sewer Co., Inc., in leaving an obstruction on the said public street and highway without posting adequate warning signs or devices, and therefore at the present time I am in doubt as to which of the said defendants are liable to me for my injuries and damages in the present lawsuit."

On May 22, 1961, the motion of plaintiff to reconsider the rulings theretofore made was granted. On the same date reconsideration was had.

The motion of Montebello for an order to strike the amended complaint and for an order to dismiss the action was granted. Leave to amend the amended complaint was denied.

On May 23, 1961, a judgment was signed providing, among other things, "that the first amended complaint . . . be and is hereby striken [sic] and the third and fourth causes of action therein stated be and are hereby striken [sic] as to defendant, Montebello. . . ." The judgment was entered on May 25, 1961, and within due time this appeal was taken.

Montebello did not proceed under the provisions of section 437c, Code of Civil Procedure (summary judgment; claim of no merit to action or defense; affidavits, etc.) but rather under the theory that a court has the inherent power to strike a sham complaint or, in other words, under the "speaking motion" to dismiss proceedings which was used before the statutory summary judgment proceedings were adopted as

now existing. ■ However ". . . a speaking motion to dismiss should be treated as a motion for summary judgment in order to preserve the safeguards provided by the statute." (*Pianka* v. *State of California,* 46 Cal.2d 208, 212 [293 P.2d 458].)[1]

■ The rules relating to summary judgment are set forth in *People* ex rel. *Mosk* v. *City of Santa Barbara,* 192 Cal.App. 2d 342, 349 [13 Cal.Rptr. 423] as follows:

"[2] The function of the trial court in considering a motion for summary judgment is to determine whether there exists a triable issue of fact. [Citations.] ■ [3] Whether a triable issue of fact exists is determined by the sufficiency of the affidavits of the parties. [Citations.] ■ [4] Where the affidavits do not present any triable issue of fact, then the problem is resolved into a question of law and the trial court determines the issues of law. [Citations.]

■ "[5] As stated in *Eagle Oil & Refining Co.* v. *Prentice,* 19 Cal.2d 553 [122 P.2d 264] at page 556:

" 'Because the procedure is summary and presented on affidavits without the benefit of cross-examination, a trial by jury and opportunity to observe the demeanor of witnesses in giving their testimony, the affidavits filed on behalf of the . . . [plaintiff] should be liberally construed to the end that he will not be summarily deprived of the full hearing available at a trial of the action and the rights incident thereto.

■ "[6] 'The procedure is drastic and should be used with caution in order that it may not become a substitute for existing methods in the determination of issues of fact. [Citation.]

■ "[7] 'For these reasons it may further be said that the affidavits of the moving party, the [defendant] in this case, should be strictly construed and those of his opponent liberally construed. [Citations.] ■ [8] And in this connection it may be further observed that the better rule is that the facts alleged in the affidavits of the party against whom

---

[1]Code of Civil Procedure, section 435, constitutes legislative reaffirmance of the inherent right of a court to strike or dismiss a complaint when it is made to appear by extraneous evidence that it is sham and based on false allegations. (*Lincoln* v. *Didak,* 162 Cal.App.2d 625 [328 P.2d 498].) However, by its very terms, this section contemplates that the motion to strike the complaint or a part thereof will be made "within the time required in the summons to answer, either at the time he demurs to the complaint, or without demurring. . . . If defendant serves and files such a notice of motion without demurring, his time to answer the complaint shall be extended. . . ." Defendant did not proceed under section 435.

the motion is made must be accepted as true, and that such affidavits to be sufficient need not necessarily be composed wholly of strictly evidentiary facts. [Citation.]'

"[9] *It is, of course, fundamental that the granting of a summary judgment where a triable issue of fact or defense is shown constitutes reversible error.* [Citations.]" (Emphasis added.)

At least one triable issue of fact exists in the case at bar and therefore the judgment must be reversed.

As indicated above, defendant Montebello filed its "notice of motion [to] strike complaint; dismiss complaint and enter judgment; declaration of Walter M. Sharman and memorandum of points and authorities in support thereof" on April 14, 1961. The motion was predicated upon the following grounds: (1) no triable issue of facts is presented; (2) that there was no claim which would be provable; (3) that the third and fourth causes of action are sham and irrelevant and no recovery could be had against Montebello; and (4) that the affirmative defenses are good and valid. It is stated in Montebello's memorandum of points and authorities:

"The sole question which seems to be presented in the within lawsuit is the fact that the defendants' affirmative defense is good as a matter of law.

"... The law is well settled in California that an owner of a vehicle who is a passenger in that vehicle may not recover against a third party if the driver of the vehicle was negligent. The reason for this is the imputation of such driver's negligence to the owner of the car which bars his recovery."

Montebello cited and relied upon the cases of *Milgate* v. *Wraith*, 19 Cal.2d 297 [121 P.2d 10]; *Birnbaum* v. *Blunt*, 152 Cal.App.2d 371 [313 P.2d 86]; *Grover* v. *Sharp & Bellows Contracting Co.*, 66 Cal.App.2d 736 [153 P.2d 83]; *C. F. Spendlove* v. *Pacific Electric Railway Co.*, 30 Cal.2d 632 [184 P.2d 873]; and *Goodpastor* v. *Southern Pac. Co.*, 54 Cal.App. 2d 762 [129 P.2d 963]. (See Veh. Code, § 17150.)[2]

---

[2]The whole philosophy of holding that the owner (legal title holder) of an automobile has the control of such automobile (and is responsible in damages to a person injured by said car) even if the car is driven by another, is based upon pure fiction, all to the end that third parties might be protected in the event the driver of the car causes an accident and damage. The thought of course in the first instance was to protect the injured third party and at least provide that he could sue the owner even though the driver might be judgment proof. As a practical concern, if we assume that Vallejo did own the automobile and that he was a willing passenger in the automobile, and was not asleep or unconscious before the accident and Flores was driving the automobile, could anyone

 While Montebello is correct in its abstract statement of the law (*i.e.*, that an owner of a vehicle who is a passenger in that vehicle may not recover against a third party if the driver of the vehicle was negligent) it has failed to grasp the fact that before the rule of law relied upon becomes applicable, it is necessary to satisfy the factors or elements of Vehicle Code section 17150 (*i.e.*, former Veh. Code, § 402). What was stated in *Pacific Tel. & Tel. Co.* v. *Wellman,* 98 Cal.App.2d 151, 154 [219 P.2d 506] is apposite to the present discussion:

"There are two factors or elements in section 402 [subd.] (a) both of which must be present and proved in order that a person other than the driver of a vehicle be held responsible for damages resulting from negligence in the operation of the vehicle [or, as is pertinent to the case at bar, to bar the owner from recovery] : (1) It must have been owned at the time of the accident by such person, and (2) *it must have been operated with the permission, express or implied, of such owner.* (*Krum* v. *Malloy,* 22 Cal.2d 132, 134 [137 P.2d 18].) Each factor is as important as the other." (Emphasis added.)

 A triable issue of fact exists in the case at bar,

---

imagine a situation which would be more fraught with danger than to have the owner contend and wrestle for the steering wheel in modern day moving traffic? Any such actions realistically must be looked upon as dangerous, against the interests of public safety and common sense. In *Sherman* v. *Korff,* 353 Mich. 387, 388 [91 N.W.2d 485, 487] it was said:

"Any attempted exercise of the right of control by wresting the wheel from the driver would be foolhardy. Equally menacing to the driver's efficient operation of the machine are raucous reproaches, strident denunciations, or even persistent unctuous admonitions from the back seat. '. . . in the long run, the greater safety lies in letting the driver alone.' "

True it is that there are some relationships and situations which can be imagined where the passenger owner could well be required to do something about a careless driver and his conduct, but it would seem also to be more sensible to hold that in such cases the relationships are questions of fact for the trier of facts to determine. Ordinarily only one person at a time can drive an automobile.

Montebello's argument as heretofore indicated is necessarily predicated upon the so-called fictitious principal-agent relationship between the driver and the owner passenger. The real fact of the matter is that ordinarily there is no right of actual control in the passenger (owner) and it is pure fiction to assert that such does exist simply because of the placement of the legal title. However it makes no difference in the outcome of this case at this time. See 11 Drake Law Review 57; 1 Willamette Law Journal 528 (discussion of *Johnson* v. *Los Angeles-Seattle Motor Express* case in 222 Ore. 377 [352 P.2d 1091]; 27 Brooklyn Law Review 167; 31 Notre Dame Lawyer 724 (where it is pointed out that the Iowa Supreme Court in *Stuart* v. *Pilgrim,* 247 Iowa 709 [74 N.W.2d 212] reversed *Secured Finance Co.* v. *Chicago, R. I. & R. Ry. Co.,* 207 Iowa 1105 [224 N.W. 88, 61 A.L.R. 855], a case relied upon in *Milgate* v. *Wraith,* 19 Cal.2d 297 [121 P.2d 10]), 30 Minnesota Law Review 636, 11 Syracuse Law Review 314, 27 Brooklyn Law Review 167.

namely, whether the vehicle was operated with the permission, express or implied, of plaintiff owner.

The declaration of Walter M. Sharman in support of Montebello's motion does not set forth facts relating to whether the vehicle was being operated with plaintiff's permission. The declaration stated in part as follows:

"That on March 17, 1961, this moving defendant by and through its attorney requested the plaintiff, ARTHUR M. VALLEJO, to answer certain interrogatories which are hereby referred to and incorporated herein as though set forth in full.[3] That on or about March 30, 1961, this moving defendant by its attorney received the answers to said interrogatories which were verified on March 26, 1961, at La Puente, California, by the plaintiff, ARTHUR M. VALLEJO.

"That by virtue of said answers to said interrogatories plaintiff verified and stated under oath that he was the owner of that certain 1958 Chevrolet hardtop automobile referred to in the within first amended complaint, that on or about March 4, 1960, defendant, JOSE FLORES, was operating the said 1958 Chevrolet automobile which belonged to and was owned by the plaintiff and in which the plaintiff was riding as a passenger; *that at the time and place of the accident complained of in the first amended complaint, defendant, JOSE FLORES, negli-*

[3]Defendant Montebello's interrogatories to plaintiff Arthur M. Vallejo which were filed March 21, 1961, provided in part as follows:

"4. Is the allegation contained in paragraph three of the first cause of action of your first amended complaint for personal injuries and property damages true? [Note: This paragraph of the first amended complaint alleges that 'Plaintiff is the owner of a 1958 Chevrolet Hardtop automobile referred to in this complaint.']

"5. Are the allegations contained in paragraph six of the first cause of action of your first amended complaint for personal injuries and property damage on file herein true? [*Note*: This paragraph of the first amended complaint alleges that 'On or about March 4, 1960, defendant JOSE FLORES was operating an automobile along and upon said Baldwin Park Boulevard near its intersection with said Temple Avenue in said City, County and State. Said defendant JOSE FLORES was operating the 1958 Chevrolet two-door Hardtop automobile which belonged to and was owned by the plaintiff and in which plaintiff was a passenger.']

"6. Are the allegations contained in paragraph seven of the first cause of action of your first amended complaint for personal injuries and property damage on file herein, true? [*Note*: This paragraph of the first amended complaint alleges that 'At said time and place, defendant JOSE FLORES so negligently drove, maintained and operated said motor vehicle along and upon said Baldwin Park Boulevard near Temple Avenue so as to proximately cause said motor vehicle to collide with a pile of dirt and/or other substances upon the driving surface of said Baldwin Park Boulevard and so as to proximately cause the hereinafter described injuries and damages to plaintiff.']

"7. . . . . . . . . . . ."

*gently drove, maintained and operated the said motor vehicle and thus proximately caused the motor vehicle to have the complaint of collision and to also cause the injuries and damages to the plaintiff*;[4] that the accident referred to in the first cause of action of this first amended complaint on file herein is one and the same accident as is referred to in the third and fourth causes of action in said first amended complaint in [*sic*] file herein.

''That by reason of the foregoing admissions and the admissions verified under oath by said plaintiff, declarant if called as a witness could testify as follows:

'' 'That said admissions made under oath were made by plaintiff to defendant.' '' (Italics added.)

■■■ It is settled that a deposition or interrogatory may be used in support of a motion for summary judgment. (*Nizuk* v. *Gorges,* 180 Cal.App.2d 699, 709 [4 Cal.Rptr. 565] ; *Thomson* v. *Honer,* 179 Cal.App.2d 197, 203-204 [3 Cal.Rptr. 791] ; Code Civ. Proc. § 2016, subd. (d) (2) ; Code Civ. Proc. § 2030, subd. (b).)

Montebello's notice of motion states that its motion (*i.e.,* for an order striking the first amended complaint and the third and fourth causes of action therein stated; for an order dismissing said action as to this moving defendant; for a judgment in favor of Montebello) ''. . . will be made upon this notice of motion, upon the memorandum of points and authorities attached hereto and incorporated herein by reference as though set forth in full, upon the declaration of Walter M. Sharman, attached hereto and incorporated herein by reference, upon the interrogatories propounded to plaintiff ARTHUR M. VALLEJO by this moving defendant and upon the answers to the said interrogatories by plaintiff ARTHUR M. VALLEJO *and upon all the pleadings,* records, minutes and files in the above entitled action.'' (Emphasis added.)

■■■ In a summary judgment proceeding reference may be made to the *pleadings* for the purpose of defining the issues (*Family Service Agency of Santa Barbara* v. *Ames,* 166 Cal. App.2d 344, 348 [333 P.2d 142]), but such reference may not be made for the purpose of remedying a failure to state facts in an affidavit. (*Coyne* v. *Krempels,* 36 Cal.2d 257, 263 [223 P.2d 244].) It is stated in *Kimber* v. *Jones,* 122 Cal.App.2d

---

[4]The italicized portions of the declaration would leave the impression that Vallejo's answer to Montebello's interrogatory number 6 (footnote 3) was an unqualified ''Yes'' Such is not the fact. In fact, Vallejo's answer to said interrogatory was ''*Yes, to the best of my ability and knowledge at the present time.*'' (Emphasis added.)

914, 918 [265 P.2d 922] that ". . . a failure to file affidavits containing the requisite facts cannot be remedied by resort to the pleadings, *at least when such facts are within the issues framed therein.*" (Emphasis added.)

The clear import of the above is that the affidavit in support of the motion must contain the requisite facts which are *controverted* by the pleadings. It is not necessary to state facts in the affidavit which are admitted by the pleadings. (See *Gardenswartz* v. *Equitable etc. Soc.,* 23 Cal.App.2d Supp. 745, 752-753 [68 P.2d 322]; Code Civ. Proc., § 462: "Every material allegation of the complaint, not controverted by the answer, must, for the purposes of the action, be taken as true. . . .") Where allegations in a compliant are admitted by the answer no evidence need be offered in their support; evidence is not admissible to prove their untruth; no finding thereon is necessary; and a finding contrary thereto is error. The facts admitted are outside the issues to be tried. (*G & P Electric Co.* v. *Dumont Constr. Co.,* 194 Cal.App.2d 868, 883-884 [15 Cal.Rptr. 757]; *Menzel* v. *Salka,* 179 Cal.App.2d 612 [4 Cal.Rptr. 78].)

The burden of proving permissive use by the owner of a car rests upon the party asserting the protection of the statute. (*Bradford* v. *Sargent,* 135 Cal.App. 324, 330 [27 P.2d 93]; *Pacific Tel. & Tel. Co.* v. *Wellman,* 98 Cal.App.2d 151, 154 [219 P.2d 506].) It was not necessary for plaintiff to negative permissive use in his complaint, nor did plaintiff do so. It was incumbent upon defendant to raise the issue of permissive use in its answer.

Defendant Montebello did allege in its answer as a defense that the automobile was being driven with the permission and consent of plaintiff Vallejo. However, defendant's allegations concerning permission and consent are *deemed controverted.* (Code Civ. Proc., § 462: ". . . the statement of any new matter in the answer in avoidance or constituting a defense or counterclaim, must, on the trial, be deemed controverted by the opposite party.")

The declaration in support of the motion is deficient and does not support the granting of a summary judgment. The judgment is reversed.

Wood, P. J., and Lillie, J., concurred.