116 F.3d 1486
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Scott LOVELL, Plaintiff-Appellant,
v.
COUNTY OF LOS ANGELES, Unknown Rich, Deputy; Unknown
Burdeles, Deputy, Defendants-Appellees.
 No. 96-56340.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 17, 1997.**
Decided June 19, 1997.
 
 Appeal from the United States District Court for the Central District of California, No. CV-95-06935-JMI; James M. Ideman, District Judge, Presiding.
 Before: GOODWIN, SCHROEDER, and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Scott Lovell appeals the district court's judgment on the pleadings for the defendants in his 42 U.S.C. § 1983 civil rights action. Lovell contends that the district court erred by granting judgment on the pleadings for the defendants because his section 1983 action is not barred by res judicata.[1] We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, see Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1550 (9th Cir.1990) and affirm.
 
 
 3
 A prior judgment of a state court has the same preclusive effect in federal court as it would in a court of the state that rendered the judgment. See 28 U.S.C. § 1738; Migra v. Warren City Sch. Dist. Bd. of Educ., 465 U.S. 75, 81 (1984). Under California law, a dismissal under Cal.Civ.Proc.Code § 581(f)(2) (West 1997) "is a judgment on the merits to the extent that it adjudicates that the facts alleged do not constitute a cause of action, and will, accordingly, be a bar to a subsequent action alleging the same facts."[2] Keidatz v. Albany, 249 P.2d 264, 265 (Cal.1952); see also Wells v. Marina City Properties, Inc., 632 P.2d 217, 221 (Cal.1981); Crowley v. Modern Faucet Mfg. Co., 282 P.2d 33, 34 (Cal.1955).
 
 
 4
 Here, Lovell's section 1983 action is based upon the same set of operative facts as a state court action that he brought against the same defendants alleging assault, battery, false imprisonment, and intentional infliction of emotional distress. The state court dismissed his action with prejudice under Cal.Civ.Proc.Code § 581(f)(2) because Lovell failed to file an amended complaint after the court sustained the defendants' demurrer. Because a dismissal under Cal.Civ.Proc.Code § 581(f)(2) precludes Lovell from bringing a subsequent action alleging the same facts, and because Lovell's complaint alleged the same facts as his state court complaint, the district court did not err by granting judgment on the pleadings for the defendants. See Wells, 632 P.2d at 221; Crowley, 282 P.2d at 34; cf. Keidatz, 249 P.2d at 265.
 
 
 5
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Lovell does not challenge the district court's dismissal of his remaining claim for lack of prosecution. We, therefore, do not consider it on appeal. See Collins v. City of San Diego, 841 F.2d 337, 339 (9th Cir.1988)
 
 
 [2]
 Section 581(f)(2) provides in relevant part that "[t]he court may dismiss the complaint as to the defendant when ... after a demurrer to the complaint is sustained with leave to amend, the plaintiff fails to amend it within the time allowed by the court and either party moves for dismissal." Cal.Civ.Proc.Code § 581(f)(2)