Filed 8/31/16  Rahman v. Capital One CA5

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| SUMAIRA RAHMAN et al.,<br><br>  Plaintiffs and Appellants,<br><br>    v.<br><br>CAPITAL ONE, N.A. et al.,<br><br>  Defendants and Respondents. | F070066<br><br>(Super. Ct. No. S-1500-CV-279480)<br><br>**OPINION** |

APPEAL from a judgment of the Superior Court of Kern County.  David R. Lampe, Judge.

Sumaira Rahman and Syed Rahman, in pro per. for Plaintiffs and Appellants.

Doll Amir & Eley, Hunter Ely and Connie Tcheng for Defendants and Respondents.

-ooOoo-

Plaintiffs appeal from the judgment entered against them after defendants' demurrer to their complaint was sustained without leave to amend.  Plaintiffs assert the elements of the causes of action in their complaint were sufficiently alleged, but fail to address defendants' argument that the complaint was barred by the doctrine of res judicata.  We conclude the demurrer to all causes of action was properly sustained on the ground of res judicata and affirm the judgment.

## *FACTUAL AND PROCEDURAL BACKGROUND*

Plaintiffs, appearing in propria persona, filed a complaint against defendants, Capital One, Mortgage Electronic Registration Systems, Inc. (MERS), Chevy Chase Bank (collectively, defendants), and others alleging plaintiffs obtained a mortgage loan from defendant, Chevy Chase Bank, memorialized in a promissory note secured by a deed of trust on their principal residence. They alleged the loan was subsequently securitized,[1] but the note and deed of trust were not properly endorsed, assigned, and transferred from one entity to another. As a result, they allege, none of the defendants can establish proper possession, transfer, assignment, or ownership of the note and deed of trust; accordingly, none of the defendants has a valid and enforceable secured claim against the residence. Because the defendants do not have a perfected security interest in the property, they do not have the right to foreclose or conduct a nonjudicial foreclosure sale of the property.

The complaint contained 10 counts:[2] (1) lack of standing to foreclose, (2) fraud in the concealment, (3) fraud in the inducement, (4) intentional infliction of emotional distress, (5) slander of title, (6) quiet title, (7) declaratory relief, (8) violation of the Truth in Lending Act (15 U.S.C. § 1601 et seq.), (9) violation of the Real Estate Settlement Procedures Act (12 U.S.C. § 2601 et seq.), and (10) rescission. Defendants demurred to

---

[1]    The complaint alleges:  "Securitization is the process whereby mortgage loans are turned into securities, or bonds, and sold to investors by Wall Street and other firms."

[2]    The complaint is divided into segments labeled as causes of action. However, "'[i]n California the phrase "causes of action" is often used indiscriminately … to mean *counts* which state [according to different legal theories] the same cause of action ….' [Citation.]  But for purposes of applying the doctrine of res judicata, the phrase 'cause of action' has a more precise meaning:  The cause of action is the right to obtain redress for a harm suffered, regardless of the specific remedy sought or the legal theory (common law or statutory) advanced." (*Boeken v. Philip Morris USA, Inc*. (2010) 48 Cal.4th 788, 798 (*Boeken*).)  Because we discuss res judicata and whether plaintiffs' various claims constitute the same cause of action for res judicata purposes, to avoid confusion, we will refer to the separate sections or divisions contained in plaintiffs' complaint as "counts."

the complaint, asserting that every count was barred by res judicata, because plaintiffs had previously filed a similar complaint, which was dismissed after the defendants' demurrer to it was sustained without leave to amend. They also argued plaintiff Syed Rahman lacked standing to pursue any of the counts, because the subject promissory note and deed of trust were executed by plaintiff Sumaira Rahman only. Further, each count failed to allege the elements necessary to state a cause of action. Plaintiffs opposed the demurrer and defendants replied. The trial court sustained the demurrer without leave to amend and dismissed the action. Plaintiffs appeal from the judgment of dismissal.

## *DISCUSSION*

### I.    Standard of Review

"On appeal from a dismissal after an order sustaining a demurrer, we review the order de novo, exercising our independent judgment about whether the complaint states a cause of action as a matter of law." (*Traders Sports, Inc. v. City of San Leandro* (2001) 93 Cal.App.4th 37, 43.) "We give the complaint a reasonable interpretation," and "deem to be true all material facts properly pled." (*Ibid*.) "'"We also consider matters which may be judicially noticed."'" (*Lincoln Property Co., N.C., Inc. v. Travelers Indemnity Co*. (2006) 137 Cal.App.4th 905, 911.) We must affirm the judgment if any of the grounds asserted in the demurrer was well taken. (*Aubry v. Tri-City Hospital Dist*. (1992) 2 Cal.4th 962, 967 (*Aubry*).) We review the denial of leave to amend for abuse of discretion. (*Ibid*.)

### II.    Res Judicata

"'Res judicata' describes the preclusive effect of a final judgment on the merits. Res judicata, or claim preclusion, prevents relitigation of the same cause of action in a second suit between the same parties or parties in privity with them." (*Mycogen Corp. v. Monsanto Co*. (2002) 28 Cal.4th 888, 896 (*Mycogen*).) Under the doctrine, "a judgment for the defendant serves as a bar to further litigation of the same cause of action." (*Id*. at pp. 896–897.) In order for res judicata to bar relitigation of a claim, "'a judgment must

3.

be final, on the same claim or cause of action, between the same parties, and must be an adjudication on the merits.'" (*Hi-Desert Medical Center v. Douglas* (2015) 239 Cal.App.4th 717, 731.)

### A.     Same parties

The prior action, which defendants contend precludes litigation of the current action, was filed by the same plaintiffs, Sumaira and Syed Rahman, against Chevy Chase Bank, Capital One, MERS, and others. (*Rahman v. Chevy Chase Bank et al.* (Super. Ct. Kern County, 2012, No. S-1500-CV-276662).) Thus, as to the parties to this appeal, the prior action was between the same parties as the current action.

### B.     Final judgment

"[I]n California the rule is that the finality required to invoke the preclusive bar of res judicata is not achieved until an appeal from the trial court judgment has been exhausted or the time to appeal has expired." (*Franklin & Franklin v. 7-Eleven Owners for Fair Franchising* (2000) 85 Cal.App.4th 1168, 1174.) In the prior action, the trial court sustained without leave to amend the demurrer of Capital One, "as successor by merger to Chevy Chase Bank," and MERS on December 6, 2012. The minute order and a nunc pro tunc amended order stated "dismissal will be ordered" as to Capital One and MERS. The record does not contain a formal judgment of dismissal of Capital One and MERS. The docket reflects that, on April 8, 2013, the trial court dismissed the case in its entirety with prejudice and the clerk mailed notice to the parties that day.

The prior action against Capital One and MERS was dismissed no later than April 8, 2013. Notice of entry was given the same day. Accordingly, plaintiffs' time to appeal expired at the latest 60 days thereafter—June 7, 2013. (Cal. Rules of Court, rule 8.104(a)(1)(A).) Plaintiffs have not demonstrated any basis for extending the appeal period. Nothing in the record suggests the dismissal was appealed. Consequently, the record indicates a final judgment has been entered in the prior action.

4.

### C. *Same claim or cause of action*

#### 1. First through seventh counts

For purposes of applying the doctrine of res judicata, "cause of action [means] the right to obtain redress for a harm suffered, regardless of the specific remedy sought or the legal theory (common law or statutory) advanced." (*Boeken, supra,* 48 Cal.4th at p. 798.) Under the primary right theory of pleading followed in California, "'a "cause of action" is comprised of a "primary right" of the plaintiff, a corresponding "primary duty" of the defendant, and a wrongful act by the defendant constituting a breach of that duty.'" (*Mycogen, supra,* 28 Cal.4th at p. 904.) Thus, "'the primary right is simply the plaintiff's right to be free from the particular injury suffered. [Citation.] It must therefore be distinguished from the *legal theory* on which liability for that injury is premised: "Even where there are multiple legal theories upon which recovery might be predicated, one injury gives rise to only one claim for relief." [Citation.] The primary right must also be distinguished from the *remedy* sought: "The violation of one primary right constitutes a single cause of action, though it may entitle the injured party to many forms of relief, and the relief is not to be confounded with the cause of action, one not being determinative of the other."'" (*Ibid.*)

The factual allegations of the two complaints are similar. They allege plaintiffs owned the real property at the same specified address, and plaintiff executed a promissory note and a deed of trust by which the property secured the note. The original loan was with Chevy Chase Bank. The complaints allege the loan was subsequently securitized, but the note and deed of trust were not properly endorsed, transferred or assigned in the transactions that resulted in securitization. As a result, defendants were not legal holders of the note and deed of trust, and could not lawfully exercise the power of sale to conduct a nonjudicial foreclosure sale of the property. The first through seventh counts of the complaints alleged the same claims: (1) lack of standing to foreclose, (2) fraud in the concealment, (3) fraud in the inducement, (4) intentional

5.

infliction of emotional distress, (5) slander of title, (6) quiet title, and (7) declaratory relief. All were based on essentially the same allegations: that defendants were attempting to conduct a nonjudicial foreclosure sale of plaintiffs' residence, but they were not legally entitled to do so because of defects in the endorsement and transfer of the note and deed of trust. Thus, the first seven counts of both complaints sought redress for the same injury and were based on the same primary right.

In the general factual allegations portion, the current complaint added allegations of predatory lending: that Chevy Chase Bank qualified plaintiff for a loan it knew she could not qualify for or afford, sold her a loan product it knew or should have known she would not be able to pay back, failed to explain the workings of the transaction and how the rates, finance charges, cost and fees were computed, and failed to provide copies of some loan documents to her. Although those allegations were not included in the prior complaint, they may still be barred by res judicata if they could have been included in the prior complaint.

"It is axiomatic that a final judgment serves as a bar not only to the issues litigated but to those that could have been litigated at the same time." (*Takahashi v. Board of Education* (1988) 202 Cal.App.3d 1464, 1481.) "'If the matter was within the scope of the action, related to the subject matter and relevant to the issues, so that it *could* have been raised, the judgment is conclusive on it despite the fact that it was not in fact expressly pleaded or otherwise urged. [Italics in original.] The reason for this is manifest. A party cannot by negligence or design withhold issues and litigate them in consecutive actions. Hence the rule is that the prior judgment is *res judicata* on matters which were raised or could have been raised, on matters litigated or litigatable.'" (*Ibid*.) Through their prior complaint, plaintiffs challenged defendants' right to conduct a nonjudicial foreclosure and sell the property pursuant to a power of sale in the note and deed of trust. The scope of that action encompassed all challenges to the validity of the loan transaction and the power of sale. Accordingly, the allegations of predatory lending

6.

added to the current complaint were related to the subject matter and relevant to the issues raised in the first action, and could have been raised in that action. Consequently, for purposes of res judicata, these allegations were part of the same cause of action that was presented in the prior action.

### 2.    Eighth and ninth counts

The current complaint added the eighth, ninth, and tenth counts, which were not included in the prior complaint. The eighth count attempted to allege defendants violated the Truth in Lending Act (15 U.S.C. § 1601 et seq.; TILA) by failing to provide plaintiff with accurate, material disclosures as required by the TILA. Although it described some of the provisions of the TILA and related regulations, it did not factually allege what disclosures any of the defendants failed to make. Plaintiffs alleged they were entitled to rescind the loan transaction and obtain damages based on defendants' failure to provide the required disclosures.

The ninth count attempted to allege violations of the Real Estate Settlement Procedures Act (12 U.S.C. § 2601 et seq.; RESPA). The allegations were incomprehensible; they did not clearly identify any provisions of RESPA that defendants allegedly violated, or factually allege how any of the defendants violated any of the statutory provisions.

Like the first seven counts of the complaint, these counts challenged the origination and handling of plaintiffs' home loan. All of the counts arose out of the events surrounding execution of the promissory note and deed of trust and the subsequent servicing and management of the loan and loan documents. Thus, for purposes of res judicata, it appears these were issues that could have been litigated in the prior action and were part of the same cause of action previously litigated.

### 3.    Tenth count

The tenth count was labeled "rescission." Rescission, however, is not a cause of action, but an equitable remedy. (*Nelson v. Pearson Ford Co*. (2010) 186 Cal.App.4th

7.

983, 1018.) The tenth count sought rescission based on the fraud allegations, the alleged TILA violations, and public policy. This count does not present a claim based on a different primary right; it simply seeks a different remedy for the cause of action already alleged. That remedy could have been alleged and pursued in the prior action. Accordingly, for purposes of the doctrine of res judicata, the tenth count is simply a request for another remedy based on the same cause of action presented in the prior action.

Thus, despite some differences in the legal theories alleged, all of the counts of the current complaint reflect the same cause of action as the prior complaint.

### D. *On the merits*

"A judgment entered after a general demurrer has been sustained 'is a judgment on the merits to the extent that it adjudicates that the facts alleged do not constitute a cause of action, and will accordingly, be a bar to a subsequent action alleging the same facts.'" (*Crowley v. Modern Faucet Manufacturing Co*. (1955) 44 Cal.2d 321, 323 (*Crowley*).) Defendants demurred to the complaint in the prior action on the ground the entire complaint, and each count within it, failed to state a cause of action. The trial court sustained the demurrer without leave to amend on the ground the complaint failed to state facts sufficient to constitute a cause of action (Code Civ. Proc., § 430.10, subd. (e)).

If the demurrer in the prior action was sustained on a ground equally applicable to the later action, the prior judgment will bar the later action even if different facts are alleged in the second complaint. (*Crowley*, *supra*, 44 Cal.2d at p. 323.) However, if the complaint in the current action alleges new or additional facts that cure the defects in the prior complaint, the earlier judgment is not a bar to the current action. (*Ibid*.) Although plaintiffs added some facts in the current complaint that were not included in the prior complaint and changed some factual allegations, plaintiffs have not demonstrated that these additions and changes cured the defects in the original complaint.

8.

The demurrer in the prior action asserted the entire complaint failed because the underlying premise—that the securitization of the loan and defendants' lack of physical possession of the deed of trust somehow invalidated the loan obligation or prevented the exercise of the power of sale—was false under California law.  At least the first seven counts of plaintiffs' current complaint were based on the same premise and the same or similar factual allegations.  Plaintiffs have not demonstrated that any change they made in the factual allegations would change the outcome on that legal issue.

Plaintiffs' brief on appeal specifically addressed only their quiet title, fraud, and intentional infliction of emotional distress counts.[3]  For the quiet title and fraud counts, the brief set out the elements of the claim and asserted, without discussion, that the elements were fully pled.  For the intentional infliction of emotional distress count, plaintiffs set out the elements, then asserted they were satisfied by certain allegations purportedly quoted from the complaint; the quoted language, however, consisted of conclusions rather than facts, and did not appear in that count.

Plaintiffs have failed to demonstrate that the judgment in the prior action was not on the merits for res judicata purposes.

### E.    *Conclusion*

"An appealed judgment is presumed correct, and the appellant must affirmatively demonstrate error." (*Rayii v. Gatica* (2013) 218 Cal.App.4th 1402, 1408.)  "An appellant must provide an argument and legal authority to support his contentions.  This burden requires more than a mere assertion that the judgment is wrong." (*Benach v. County of Los Angeles* (2007) 149 Cal.App.4th 836, 852.)  The appellant must provide a reasoned legal argument and citations to authority demonstrating the error.  (*Ibid.*)  A judgment dismissing an action after sustaining a demurrer without leave to amend must be affirmed

---

[3]    They also address causes of action to remove a cloud on title and for punitive damages, but their complaint did not contain those causes of action.

9.

if any of the several grounds set out in the demurrer is well taken. (*Aubry, supra,* 2 Cal.4th at pp. 966–967.)

Plaintiffs did not address the bar of res judicata in their appellate brief. They did not demonstrate that any of the claims alleged in their complaint was not barred by res judicata. Thus, they have failed to establish any error in the judgment.

## III. Leave to Amend

Plaintiffs assert the trial court abused its discretion by failing to grant leave to amend. "Generally it is an abuse of discretion to sustain a demurrer without leave to amend if there is any reasonable possibility that the defect can be cured by amendment. [Citation.] However, the burden is on the plaintiff to demonstrate that the trial court abused its discretion. [Citations.] Plaintiff must show in what manner he can amend his complaint and how that amendment will change the legal effect of his pleading." (*Goodman v. Kennedy* (1976) 18 Cal.3d 335, 349.)

Plaintiffs presented no argument in support of their contention the trial court abused its discretion by denying leave to amend. They have not suggested in what way any of the counts of the complaint could be amended to state a viable cause of action. They have not proposed any additions or changes that could be made to the facts alleged, or disclosed how the additions or changes would alter the legal effect of the pleading. Accordingly, they have not met their burden of demonstrating the trial court abused its discretion by denying leave to amend the complaint.

## *DISPOSITION*

The judgment is affirmed.  Defendants are entitled to their costs on appeal.


_____
HILL, P.J.

WE CONCUR:


_____
FRANSON, J.


_____
SMITH, J.

11.